IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Eric Will, *et al.*, ) | |
| ) | Cause No: 06-698-WDS |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| General Dynamics Corporation, ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Plaintiffs Eric Will, Richard Cotterman, Daniel Kuczon, and James Barnes and move this Court to certify this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. In support, they state as follows:

1.   This action arises from the breach of the fiduciary duties imposed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002 *et seq.* ("ERISA"), on Defendant General Dynamics Corporation ("General Dynamics") as Plan Sponsor and Administrator of the General Dynamics Corporation Hourly Employees' Savings and Stock Investment Plan (the "Hourly Plan") and the General Dynamics Corporation Savings and Stock Investment Plan (the "Salaried Plan") (collectively the "Plans").

2.   Plaintiff Will is a participant in the Hourly Plan and Plaintiffs Cotterman, Kuczon and Barnes are participants in the Salaried Plan. Plaintiffs seek appointment as representatives of a class (the "Class") consisting of:

> All persons, *excluding the Defendants, and/or other individuals who are or may be liable for the conduct described in this Complaint,* who are or were participants or beneficiaries of the Salaried Plan or the Hourly Plan and who are, were or may have been affected by the conduct set

1

forth in this Complaint, as well as those who will become participants or beneficiaries of either Plan in the future.

3. Plaintiffs have shown that the prerequisites of Rule 23(a) of the Federal Rules of Civil Procedure are met with regard to the Class:

   a. The Class consists of at least 47,647 participants with account balances in the Salaried Plan and 17,644 participants with account balances in the Hourly Plan.  The Class is so numerous that joinder of all members is impracticable;

   b. There are questions of law and fact common to the Class, including the identity and roles of the Plan fiduciaries, whether the actions of the Plans' fiduciaries constituted a breach of their fiduciary duties, and the appropriate plan-wide remedy for the breaches;

   c. The claims or defenses of the Plaintiffs are typical of the claims or defenses of the Class, in that the factual underpinnings and legal theories advanced by Plaintiffs apply to the Class as a whole, and the recovery Plaintiffs seek will benefit each member of the proposed Class; and

   d. The Plaintiffs will fairly and adequately protect the interests of the Class.  The interests of the named Plaintiffs are the same as, and not in conflict with, the other members of the Class.  Plaintiffs' attorneys are competent, experienced, qualified, and able to vigorously conduct the proposed class action.

4. The requirements of Rule 23(b) are also satisfied.

5. Certification under Rule 23(b)(1) is appropriate because the failure to certify the proposed Class could result in inconsistent or varying adjudications with respect to the individual members of the Class; such inconsistent or varying adjudications, would establish incompatible standards of conduct for the Defendants and adjudications with respect to individual members of the proposed Class would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications or would substantially impair or impede their ability to protect their interests. In fact, the drafters of Rule 23(b)(1) described suits such as this one — an action for breach of fiduciary duty brought by those to whom the duty is owed — as a prime example of why Rule 23(b)(1)(B) was enacted. Committee Notes, Fed. R. Civ. P 23(b)(1)(B) (1966 amendments).

6. In the alternative, Plaintiffs seek certification under Rules 23 (b)(2) and 23(b)(3). Rule 23(b)(2) certification is appropriate because Plaintiffs seek injunctive and declaratory relief under ERISA § 502(a)(2), alleging that Defendants have acted or refused to act on grounds generally applicable to the proposed Class as a whole. Because the monetary relief sought by Plaintiffs is more than "incidental," certification of those claims is appropriate under Rule 23(b)(3). Because this case focuses on Defendants' actions toward the Class as a whole, common issues of law or fact predominate, and a class action is a superior method of litigating this dispute; without class certification, class members would have to seek a remedy through thousands of individual actions throughout the Federal system.

7. Plaintiffs further request that this Court appoint the firm of Schlichter, Bogard & Denton as Class Counsel, pursuant to Rule 23(g).

WHEREFORE, Plaintiffs respectfully request that the Court to enter an Order granting their Motion for Class Certification as set out herein and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

**Schlichter, Bogard & Denton**

__s/ Jerome J. Schlichter___
Jerome J. Schlichter
Daniel V. Conlisk
Heather Lea
120 W. Main Street, Ste 208
Belleville, IL  62220

100 South Fourth Street
Suite 900
St. Louis, MO 63102
Tel:    314-621-6115
Fax:    314-621-7151
jschlichter@uselaws.com
dconlisk@uselaws.com
hlea@uselaws.com
Lead Counsel for Plaintiffs

CERTIFICATE OF SERVICE

This is to certify that on November 22, 2006, a copy of the foregoing Motion for Class Certification was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Craig C. Martin
Amanda S. Amert
Reena R. Bajowala
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL  60611
312-222-9350
312-527-0484 FAX
Counsel for General Dynamics Corp
cmartin@jenner.com
aamert@jenner.com, docketing@jenner.com
rbajowala@jenner.com

            __s/ Jerome J. Schlichter___
            Jerome J. Schlichter