IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIC WILL, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Civil No. **06-698-GPM** |
| ) | |
| **GENERAL DYNAMICS CORP., et al.,** ) | |
| ) | |
| Defendants. ) | |

## PROTECTIVE ORDER

**PROUD, Magistrate Judge:**

The Court finds that the following category of information sought and to be produced by the parties and certain third party service providers to the General Dynamics Corporation Savings and Stock Investment Plans (the "401(k) Plans") during discovery in this action will likely represent or contain confidential information within the meaning of Rule 26(c)(7):

> Personal identifiers and other private information regarding the individual participants in the 401(k) Plans, or other General Dynamics employees, including Social Security numbers, financial account numbers, salaries, and account balances.

**IT IS THEREFORE ORDERED** as follows:  This Protective Order shall govern the specific category of information described above ("Protected Information" or "Protected Documents").

1.   Protected Information shall be identified by employing the legend "CONFIDENTIAL" as follows:

   a.   In the case of documents, the legend shall be placed on or attached to each page of the document prior to its production.

      b.      In the case of electronically stored information produced in TIF or PDF images, the legend shall be placed on each image prior to its production.  Should the production of electronically stored information in native file format be necessary, the electronically stored information shall be placed onto a CD that also contains TIF or PDF images of the information being produced in native file format with production numbers.  The legend shall be placed on each TIF or PDF image and on the CD label.  Placing the legend on the corresponding TIF or PDF image and the CD label shall be sufficient to designate the electronically stored information produced in native file format as confidential pursuant to this Order.

      c.      In the case of information incorporated in answers to interrogatories, the legend shall be placed on the designated page(s) of the interrogatory answers, and shall identify the answer to which it applies.

      d.      In the case of depositions, designation of the portions of the deposition transcript (including exhibits) shall be made by a statement to such effect on the record in the course of the deposition or upon review of such transcript by General Dynamics' counsel or a Third Party's counsel within 30 days after receipt of the transcript.  Until this 30-day designation period has expired, disclosure of any portion of the transcript, including exhibits, shall be limited to the persons enumerated in paragraph 2, and to consultants, professionals, or experts (and their employees or representatives) who are retained by any Party for purposes of this litigation, and have executed a declaration pursuant to paragraph 8 of this Order.  As to any portions of the depositions and exhibits containing Protected Information, designating counsel shall list the number of the pages

of the transcript containing Protected Information, and shall provide copies of the list to opposing counsel. Designating counsel shall direct the reporter attending the deposition to bind or re-bind separately such portions of the original transcript and any copies and place the "CONFIDENTIAL" legend on the covers thereof.

e. The parties may agree, in writing and subject to this Court's approval, to other methods of marking documents and information as Confidential under this Order. General Dynamics or a Third Party may mark, in good faith, any information or documents they reasonably believe to be Protected Documents or contain Protected Information. Neither General Dynamics nor a Third Party shall mark documents and information as Confidential under this Order in a mass, indiscriminate, or routinized manner.

2. Protected Information shall be used solely for the purpose of the lawsuit and not for any other purpose whatsoever. For example, Plaintiffs may not use any Protected Information in any other lawsuit filed by Plaintiffs or Plaintiffs' counsel against any other defendant. For purposes of conducting the litigation, Protected Information may be disclosed only to the following persons (unless done pursuant to prior written approval of the producing party or as otherwise provided for in paragraphs 7-8 of this Order): (i) the named plaintiff representatives; (ii) any officer, director, employee or authorized representative of General Dynamics; (iii) the Parties' respective counsel and all secretaries, paralegals, paralegal assistants, stenographic, copy, imaging and clerical employees working under the direct supervision or control of such counsel; and (iv) the Court under seal. Moreover, the Parties may disclose Protected Information to any retained consulting or testifying experts, provided the requirements of paragraph 8 of this Order are satisfied.

3. This Order does not in any way affect General Dynamics' or any Third Party's rights with respect to its own Protected Information, or with respect to any material or information obtained through sources other than this litigation.

4. All persons, including those enumerated in paragraph 2(i)-(iv), to whom disclosure of Protected Information is made are only to be provided with same upon the express condition that such persons are prohibited from disclosing the Protected Information to any other person, except in conformance with this Order.

5. All discovery, testimony, exhibits, and other material filed with the Court, including transcripts of depositions, exhibits, briefs, or memoranda, which comprise or contain Protected Information, shall be filed according to the Local Rules of the Southern District of Illinois, including Local Rule 5.1, and the e-filing rules and procedures of the Court, including Rule 6 of the Court's Electronic Filing Rules. All such Protected Information shall be filed under seal pursuant to the procedures set forth in Rule 6 of the Court's Electronic Filing Rules. Compliance with those rules shall in no way relieve the filing Party of the obligation to take any appropriate additional steps necessary to maintain the confidentiality of Protected Information pursuant to this Order.

6. If any party, or an interested member of the public, objects to the application of this Order as to any particular Protected Document, he or she shall serve a written objection on the designating Party's counsel. The Parties will first attempt to resolve such request. If such efforts are unsuccessful, then the non-designating counsel may present their objection to the Court on notice to the designating Party's counsel so as to enable that designating Party to oppose or otherwise answer such objection. Until the Court enters an order changing the

designation, the documents or information shall be treated as Protected Information under this Order. The Party seeking to defend its designation shall have the burden of proving that the designation is appropriate.

7. If a Party desires that Protected Information be disclosed to any person not identified in paragraph 6 of this Order, then that Party's counsel shall make a written request to the designating Party's counsel specifically identifying the documents or information sought to be disclosed and the person(s) involved. The Parties will first attempt to resolve such request. If such efforts are unsuccessful, then the non-designating Party's counsel may make application to the Court on notice to designating Party's counsel so as to enable designating Party to oppose or otherwise answer such application. Notwithstanding the foregoing, Protected Information may be disclosed to any witness in the course of a deposition in this action, so long as the witness first agrees, under oath and on the record, to abide by the terms of this Protective Order.

8. In the event that disclosure of Protected Information is made to any expert or consulting witness retained by the Parties, the expert to whom disclosure is to be made must sign a declaration in the form of Exhibit 1 hereto before such disclosure is made. The declaration shall be retained by counsel for the Party disclosing Protected Information to the non-party witness and must be promptly furnished to all Parties upon request if necessary to resolve an issue which may arise, provided, however, that if the declaration is sought of a consultant, expert, or professional, the opposing Party may not force the retaining Party to produce a copy of the declaration prior to the retaining Party's decision to offer that consultant, expert or professional's testimony without a showing that the party seeking the declaration has substantial need for the declaration.

9. The provisions of this Order shall not automatically terminate at the conclusion of the Action. However, if this Action proceeds to the Court of Appeals for the Seventh Circuit, that court's rules regarding protective orders will have to be satisfied. Upon final disposition of the Action, or once participation in this Action by any person representing or retained by the Party obtaining such documents or information has been concluded, all Protected Documents, including copies of documents made available to him or her, together with all notes, memoranda and other papers containing information therefrom, shall be returned upon request to any Party producing such documents or shall be certified as destroyed by the Party who possesses them. Notwithstanding the foregoing, no party shall be required to return any memoranda protected by the attorney-client privilege and/or the work-product doctrine, or such other materials as may have become part of the Official Record in this action.

10. The entry of this Order shall be without prejudice to the rights of any party to apply for additional or different protection, including the identification of additional categories of Protected Information, where it is deemed appropriate. This Order is subject to modification or termination by the Court upon showing of good cause.

**IT IS SO ORDERED.**

**DATED: April 11, 2007**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ERIC WILL, et. al,  )<br>)<br>Plaintiffs  )<br>)<br>vs.  )<br>)<br>GENERAL DYNAMICS CORPORATION,  )<br>)<br>Defendant.  )<br>) | No. 3:06-cv-0698-GPM |

### DECLARATION OF COMPLIANCE WITH PROTECTIVE ORDER

I, _____, hereby declare under penalty of perjury pursuant to 28 U.S. § 1746, that the following is true:

    a.    I have read and understand the Protective Order entered on _____ in this litigation (the "Order");

    b.    I will fully comply with the terms and conditions of the Order;

    c.    I understand that unauthorized disclosure of documents and information may constitute contempt of Court;

    d.    I agree not to use or disclose any confidential documents or information (i) for any purpose other than fulfilling my role in connection with this litigation, (ii) in any other lawsuit filed by Plaintiffs or Plaintiffs' counsel against any other defendant, or (iii) in any other way that fails to comply with the requirements of the Order;

    e.    I understand that the Court may impose a monetary sanction or require me to pay the fees and costs incurred as a result of such unauthorized disclosure; and

    f. I consent to the exercise of personal jurisdiction by the Court.


Dated: _____           _____