IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIC WILL, et al.,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| V. ) | Civil No.  **06-698-GPM** |
| ) | |
| **GENERAL DYNAMICS CORP., et al.,** ) | |
| ) | |
| Defendants. ) | |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is defendant General Dynamics' motion to compel plaintiffs to supply "complete, non-evasive responses" to its Interrogatories Nos. 5, 13, 22, 31, 37, 39, 40-42, 44-48 and 50-54, and Document Request No. 12.  **(Doc. 49).**  Plaintiffs have not filed a response to the subject motion.

## The Scope of Discovery

Federal Rule of Civil Procedure 26(b)(1) permits the discovery of any matter *relevant to the subject matter of the pending action*, so long as the sought after information is not privileged, even if inadmissible at trial, if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.  The Supreme Court has interpreted relevance broadly to include any matter that bears on, or that reasonably could lead to other matter that could bear on, *any issue that is or may be in the case*.  **Oppenheimer Fund, Inc. v. Sanders**, 437 U.S. 340, 351 (1978). Discovery may be had from any person provided that the person from whom discovery is sought is not subjected to annoyance, embarrassment, oppression, or undue burden or expense.  ***See*** **Fed.R.Civ.P. 26(c), 30(b), 34, and 45.**

1

However, at this juncture, the parties are supposed to limit discovery to class certification.
The controlling scheduling and discovery order states in pertinent part:

> During the initial pre-certification discovery phase, the parties should be guided by the threshold requirements for class certification-- numerosity, commonality, typicality, and adequacy of representation. *See Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998) (citing *Amchem Products, Inc. v. Windsor*, 117 S.Ct. 2231, 2245 (1997). The Court recognizes that there will be some overlap between issues relevant to the issue of class and the specific claims asserted in the complaint. Furthermore, the parties should be guided by Federal Rule of Civil Procedure 26. Regardless of whether this case is certified as a class action, additional time will be allotted for discovery following Chief Judge Murphy's ruling on that issue. Thus, the parties should not feel compelled by time constraints to pursue discovery far afield of matters related to class certification.

**(Doc. 39).**

Judging by defendant's discovery requests and plaintiffs' objections, the parties have apparently found it difficult to narrow the focus of discovery. Because plaintiffs have not objected that defendant's discovery requests go beyond the scope of pre-certification discovery, the Court will attempt to limit its analysis to the objections asserted by plaintiffs, but in many instances there is no avoiding the constraints associated with phased discovery.

### Interrogatories 5, 13, 22 and 31; and Request for Production 12

Interrogatories, 5, 13, 22 and 31 are identical, albeit each is addressed to a different named plaintiff. These interrogatories, and Request for Production No. 12, inquire about investment options outside the Plan. Defendant asserts that paragraphs 81, 113, 116-123, 128-131, 139 of the complaint **(Doc. 2)** allege that General Dynamics failed to properly disclose information regarding allegedly excessive fees that plaintiffs contend impacted their investment decisions– including investments outside the Plan. Plaintiffs object that confidential, personal financial information is sought that is wholly irrelevant to any claim or defense. Plaintiffs also

intimate that their claims relate only to investment alternatives available *under the Plan*.

The cited paragraphs in the complaint clearly reflect that plaintiffs' claims are related only to investment alternatives within the Plan. Therefore, interrogatories 5, 13, 22 and 31 are irrelevant and plaintiffs' objections are sustained. The Court will gladly revisit this area of discovery if it becomes apparent that plaintiffs intend to seek damages related to their broader investment decisions, but that issue is not likely to arise until after the class certification issue is decided.

### **Interrogatories 37 and 39**

Interrogatories 37 and 39 both pertain to paragraph 11 of the complaint **(Doc. 2)**– specifically allegations that the fees and expenses charged to the Plan are "unreasonable and excessive," and "undisclosed to participants." Defendant explains that it is attempting to discern the legal and factual basis for the core allegations. Plaintiffs essentially respond that the allegations are based on a review of Master Trust documents, governing Plan documents, reports, participant statements, SEC filings and the like, as well as their representatives' knowledge of fee and expense practices in the 401(k) industry. Plaintiffs also indicate they intend to supplement their case with expert reports and testimony.

The Court notes that the time for expert disclosures has passed. Defendants correctly observe that an interrogatory may pertain to opinion, or the application of law to fact, as legal theories upon which a complaint are based are not protected attorney work product. In any event, plaintiffs' responses are taken as true and considered sufficient, at least at this juncture. Whether plaintiffs can sustain their motion for class certification based solely on the general assertion that defendant breached its fiduciary duties and the evidence cited remains to be seen.

Plaintiffs cannot be compelled to develop or adopt complex legal arguments that have not occurred to them, or turn over evidence that is– apparently-- non-existent.

**Interrogatories 40-42, 44-48 and 50-52**

Like Interrogatories 37 and 39, Interrogatories 40-42, 44-48 and 50-52 are all aimed at discovering the legal and factual bases for various allegations in the complaint regarding General Dynamics' alleged violation of its fiduciary duties related to Plan fees and expenses. Plaintiffs again generally explain that their allegations are based upon a review of Master Trust documents, governing Plan documents, reports, participant statements, SEC filings and the like, as well as their representatives' knowledge of fee and expense practices in the 401(k) industry. Plaintiffs also add that they base their claims on a lack of documentation and/or disclosure by defendant. Plaintiffs again indicate they intend to supplement their case with expert reports and testimony, and other materials obtained during discovery.

Again, plaintiffs' responses are deemed sufficient for the same reasons set forth above relative to Interrogatories Nos. 37 and 39.

**Interrogatory No. 53**

Interrogatory No. 53 seeks to identify each category of monetary damages sought, the amount, and the legal and factual basis for those damages. Plaintiffs vaguely assert attorney-client and/or work product privilege. Again, there is no basis for such objections. Plaintiffs further indicate their investigation continues.

Again, although defendant is troubled by the vagueness of the plaintiffs' claims, the Court cannot compel plaintiffs to develop or adopt complex legal arguments that have not occurred to them, or turn over evidence that is– apparently-- non-existent. Moreover, the degree

of specificity demanded by defendant appears inappropriate at this stage of the proceedings. With all that said, if plaintiffs attempt to support their motion for class certification with information not disclosed, they will surely have to answer to the Court.

**Interrogatory No. 54**

Interrogatory No. 54 requests that plaintiffs identify all individuals with knowledge of the allegations in the complaint, and further seeks identification of the particular area(s) of knowledge of each person identified.  Plaintiffs again inadequately and improperly assert attorney client and/or work product privilege.  Plaintiffs further explain that their investigation is ongoing, and they expect expert reports and testimony will address this interrogatory.  The Court views this request as seeking essentially what is required to be revealed pursuant to Federal Rule of Civil Procedure 26(a)(1).  Unlike the aforementioned interrogatories, where the Court and defendant have had to accept that the plaintiffs appear to be flying by the seats of their pants, plaintiffs can obviously identify themselves, if not others, and supplement their answer as discovery progresses.  Therefore, plaintiffs must respond anew to Interrogatory No. 54, even if they can only identify themselves and categorize their knowledge.

**IT IS THEREFORE ORDERED** that the subject motion to compel **(Doc. 49)** is **GRANTED IN PART AND DENIED IN PART**.  On or before **April 27, 2007**, plaintiffs shall respond to Interrogatory No. 54.

**IT IS SO ORDERED.**

**DATED: April 12, 2007**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**