IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIC WILL, et al., as representative of a class of similarly situated person on behalf of the General Dynamics Corp. Savings & Stock Investment Plan,** )<br>)<br>)<br>)<br>) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-698-GPM** |
| ) | |
| **GENERAL DYNAMICS CORPORATION, et al.,** )<br>) | |
| ) | |
| **Defendants.** ) | |

# MEMORANDUM AND ORDER

**MURPHY**, **District Judge:**

This matter is before the Court on the motion to dismiss the claims of Plaintiff James Barnes brought by Defendant General Dynamics Corporation ("General Dynamics") (Doc. 46) and the motion to withdraw as a proposed class representative brought by Barnes (Doc. 53). For the following reasons, General Dynamics's motion to dismiss is **DENIED** and Barnes's motion to withdraw is **GRANTED**.

According to General Dynamics's motion, in December 2006 General Dynamics propounded interrogatories and a request for production of documents on Barnes and the other Plaintiffs in this case, and noticed Barnes's deposition. It appears to be undisputed that Barnes never responded to General Dynamics's discovery requests and that his counsel unilaterally cancelled his deposition. In January 2007 Barnes's attorneys notified General Dynamics that Barnes wished to withdraw as a named class representative in this case. Thus, the crux of the squabble before the Court is simply whether Barnes's claims should be dismissed with or without prejudice. General Dynamics

contends that Barnes's claims should be dismissed with prejudice pursuant to Rule 37(d) of the Federal Rules of Civil Procedure as a sanction for his failure to respond to General Dynamics's discovery requests and to appear for his deposition. Barnes's counsel, without really contesting the fact that Barnes did not cooperate in discovery, argue that the sanction of dismissal with prejudice is too harsh and that Barnes should be allowed to dismiss his claims without prejudice.

The Court agrees with General Dynamics that the manner in which Barnes's counsel handled the matter of his participation or, more properly, non-participation in discovery was somewhat less than optimal. The rules of discovery are not to be taken lightly, and litigants are entitled to expect timely and proper participation in discovery by parties to ensure adequate preparation for trial. *See Richards-Wilcox Mfg. Co. v. Young Spring & Wire Corp.*, 34 F.R.D. 212, 213 (N.D. Ill. 1964) ("To properly prepare for [trial], . . . counsel must be given . . . proper pre-trial discovery . . . . No longer can we or should we protect archaic principles fostered to protect and promote what was once thought to be the desired sporting element of a trial – surprise. This element of surprise has departed with our modern Federal Rules of Civil Procedure."). Correspondingly, litigants who object to discovery, for whatever reason, are expected to raise timely objections thereto in accordance with the Federal Rules of Civil Procedure. Thus, just as a litigant whose deposition has been properly noticed is under a duty either to obtain a protective order or else appear for the deposition, *see Hepperle v. Johnston*, 590 F.2d 609, 613 (5th Cir. 1979); *Pioche Mines Consol., Inc. v. Dolman*, 333 F.2d 257, 269 (9th Cir. 1964); *Marriott Homes, Inc. v. Hanson*, 50 F.R.D. 396, 399 (W.D. Mo. 1970), so too the rules set out with specificity the time for objecting to interrogatories and requests for production. *See* Fed. R. Civ. P. 33(b)(3), 34(b). On the record before the Court, there is little evidence of compliance by Barnes or his counsel with the rules governing objections

to discovery.

All of that said, the Court agrees with Barnes's counsel that dismissal of Barnes's claims with prejudice is not appropriate in this case. It is well recognized that dismissal with prejudice is a harsh sanction to be employed in exceptional cases. *See Maynard v. Nygren*, 332 F.3d 462, 467-68 (7th Cir. 2003); *Del Carmen v. Emerson Elec. Co., Commercial Cam Div.*, 908 F.2d 158, 162 (7th Cir. 1990); *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983). Although as General Dynamics points out a district court need not impose lesser sanctions before resorting to dismissal, *see Halas v. Consumer Servs., Inc.*, 16 F.3d 161, 165 (7th Cir. 1994), this case does not seem to fit the pattern of exceptional cases in which an extreme penalty has been held appropriate as a sanction for failure to cooperate in discovery. *See Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997) (dismissal of a plaintiff's action as a sanction was not an abuse of discretion where the sanction was based on repeated misconduct, including communicating directly with the trial court, failing to timely produce discoverable documents, inaccurately verifying that his document production was complete and thereafter using undisclosed documents as exhibits in a deposition, improperly threatening to bring criminal charges against the defendants if settlement demands were not met, and attempting to directly contact individual defendants in violation of a court order); *Halas*, 16 F.3d at 164-65 (dismissal of an action was not an abuse of discretion, where the district court gave the employee an unequivocal directive to provide requested discovery and informed the plaintiff that if he failed to provide the requested discovery within a set timetable his action could be dismissed, and where the plaintiff was instructed to attend a deposition by the court, received notice, and offered no excuse for his failure to attend the deposition); *Powers v. Chicago Transit Auth.*, 890 F.2d 1355, 1361-62 (7th Cir. 1989) (holding that dismissal of a suit was an

appropriate sanction after the trial court gave the plaintiff numerous opportunities to comply with its disclosure order, including an agreement to in camera hearings, civil contempt, and fines, before it resorted to dismissal). *Cf. In re Golant*, 239 F.3d 931, 937 (7th Cir. 2001) (affirming entry of a default judgment against a litigant as a sanction for discovery abuses where the litigant had failed repeatedly to comply with the court's document production orders, despite warnings that this might result in the entry of a default judgment against him). In this instance the Court is not prepared to hold that Barnes's non-cooperation in discovery was so extreme as to warrant the ultimate sanction of dismissal with prejudice, particularly where there is no evidence that General Dynamics was injured by Barnes's conduct and Barnes has expressed a desire to withdraw as a class representative in this case.

The Court turns to Barnes's motion to withdraw as class representative, which the Court construes as a motion for voluntary dismissal under Rule 41(a)(2) of the Federal Rules of Civil Procedure. *See Futch v. AIG, Inc.*, Civil No. 07-402-GPM, 2007 WL 1752200, at *1 (S.D. Ill. June 15, 2007) (in general a plaintiff's request to dismiss all claims against a defendant is deemed to be brought pursuant to Rule 41(a)(2)) (collecting cases). Rule 41 provides of course that, where, as in this case, a defendant has answered a complaint, "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2). "Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice." *Id*. The dismissal of a plaintiff's complaint without prejudice under Rule 41(a)(2) is within the sound discretion a court. *See Stern v. Barnett*, 452 F.2d 211, 213 (7th Cir. 1971). "The district court abuses its discretion only when it can be established [that] the defendant will suffer 'plain legal prejudice' as the result of the district court's dismissal of the

plaintiff's action." *United States v. Outboard Marine Corp.*, 789 F.2d 497, 502 (7th Cir.1986). Factors to be considered in determining whether a defendant will suffer "plain legal prejudice" as a result of voluntary dismissal without prejudice include "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and the fact that a motion for summary judgment has been filed by the defendant." *Pace v. Southern Express Co.*, 409 F.2d 331, 334 (7th Cir. 1969). "The enumeration of the factors to be considered . . . is not equivalent to a mandate that each and every factor be resolved in favor of the moving party before dismissal is appropriate. It is rather simply a guide for the trial judge, in whom the discretion ultimately rests." *Tyco Labs., Inc. v. Koppers Co.*, 627 F.2d 54, 56 (7th Cir. 1980). In this case General Dynamics does not argue, and the Court discerns no evidence to show, that General Dynamics will suffer plain legal prejudice if Barnes is permitted to voluntarily dismiss his claims without prejudice. Accordingly, voluntary dismissal will be granted.

To conclude, General Dynamics's motion to dismiss (Doc. 46) is **DENIED**. Barnes's motion to withdraw as a proposed class representative (Doc. 53) is **GRANTED**, and his claims in this cause are **DISMISSED without prejudice**.

**IT IS SO ORDERED.**

DATED: 10/15/07

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge
