IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC WILL, et al., as representatives of a class of similarly situated person on behalf of the General Dynamics Corp. Savings & Stock Investment Plan,<br><br>Plaintiffs,<br><br>vs.<br><br>GENERAL DYNAMICS CORPORATION, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL NO. 06-698-GPM<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**MURPHY**, **District Judge:**

This matter is before the Court on the motion for leave to file an amended complaint brought by Plaintiffs Eric Will, Richard Cotterman, and Daniel Kuczon (Doc. 92). For the following reasons, the motion is **GRANTED**.

Rule 15 of the Federal Rules of Civil Procedure, which governs amendment of pleadings, provides that, after a responsive pleading has been filed, "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). *See also Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 792 (7th Cir. 2004). "The Federal Rules respecting amendments to pleadings should be given a liberal construction so that cases are decided on the merits rather than on bare pleadings." *Fuhrer v. Fuhrer*, 292 F.2d 140, 143 (7th Cir. 1961). *See also National Org. for Women, Inc. v. Scheidler*, 267 F.3d 687, 707 (7th Cir. 2001) (citing *United States v. Security Pac. Bus. Credit, Inc.*, 956 F.2d 703, 707-08 (7th Cir. 1992)) ("As a general rule, amendments to complaints are liberally

allowed up to and even after trial, judgment, and appeal."), *rev'd on other grounds*, 537 U.S. 393 (2003); *Gregg Communications Sys., Inc. v. American Tel. & Tel. Co.*, 98 F.R.D. 715, 720 (N.D. Ill. 1983) ("This liberal policy of granting amendments [under Rule 15(a)] is based in part on the belief that decisions on the merits should be made whenever possible, absent countervailing considerations."); 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1471 (3d ed. 1998 & Supp. 2007) (the purpose of Rule 15 "is to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities. This is demonstrated by the emphasis Rule 15 places on the permissive approach that the district courts are to take to amendment requests, no matter what their character may be[.]") (footnote omitted) (collecting cases).

Whether an amendment should be granted is a matter committed to the sound discretion of a district court.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Perrian v. O'Grady*, 958 F.2d 192, 194 (7th Cir. 1992); *J.D. Marshall, Inc. v. Redstart, Inc.*, 935 F.2d 815, 819 (7th Cir. 1991); *Fry v. UAL Corp.*, 895 F. Supp. 1018, 1050 (N.D. Ill. 1995).  However, in the context of a request for leave to amend "'[d]iscretion' . . . may be a misleading description of the district court's authority . . . . The plain language of [Rule 15(a)] directs the court to grant leave 'when justice so requires,' and the court must respect the spirit of the rule[.]" *Select Creations, Inc. v. Paliafito Am., Inc.*, 830 F. Supp. 1213, 1216 (E.D. Wis. 1993) (citing *Jafree v. Barber*, 689 F.2d 640, 644 (7th Cir. 1982)).  "Rule 15(a) thus evinces a bias in favor of granting leave to amend.  Unless there is a substantial reason to deny leave to amend, therefore, the discretion of the district court is not broad enough to permit denial." *Id*. (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 597-98 (5th Cir. 1981)).  Simply put, Rule 15(a) creates a "presumption in favor of liberality in granting

motions to amend[.]"  *Wheeler v. Pension Value Plan for Employees of Boeing Co.*, No. 06-cv-500-DRH, 2007 WL 2608875, at *4 (S.D. Ill. Sept. 6, 2007) (quoting *First Nat'l Bank of Louisville v. Continental Ill. Nat'l Bank & Trust Co. of Chicago*, 933 F.2d 466, 468 (7th Cir. 1991)).

In limited circumstances, the presumption in favor of amendment may be overcome.  A trial court may deny a motion to amend where there is undue delay, bad faith, dilatory motive by the plaintiff, prejudice to the opposing party, or the amendment is futile.  *See Dubicz*, 377 F.3d at 792 (quoting *Park v. City of Chicago*, 297 F.3d 606, 612 (7th Cir. 2002)) ("Although leave to file a second amended complaint should be granted liberally, a district court may deny leave for several reasons including:  'undue delay, bad faith[,] or dilatory motive[,] . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'"); *Chaveriat v. Williams Pipe Line Co.*, 11 F.3d 1420, 1430 (7th Cir. 1993) (undue delay, undue prejudice to an opposing party, and futility of amendment support a determination that allowing a complaint to be amended would not serve the interests of justice).  Nonetheless, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'" and "this mandate is to be heeded."  *Foman*, 371 U.S. at 182.  "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."  *Id*. at 181-82 quoting *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).

Defendant General Dynamics Corporation ("General Dynamics") states in response to Plaintiffs' motion for leave to file an amended complaint that it does not oppose and in fact "welcomes" the proposed amended complaint.  Doc. 100 at 6.  In an event, General Dynamics has

adduced no evidence tending to show undue delay, bad faith, dilatory motive, prejudice, or futility such as to overcome the presumption in favor of liberal amendment. General Dynamics does raise the somewhat curious argument that, because the proposed amended complaint is verified by one of Plaintiffs' attorneys pursuant to 28 U.S.C. § 1746, that attorney risks becoming a material witness in this litigation, in violation of applicable rules of professional responsibility governing attorneys. *See* Ill. Rules of Prof'l Conduct R. 3.7(a) ("A lawyer shall not accept or continue employment in contemplated or pending litigation if the lawyer knows or reasonably should know that the lawyer may be called as a witness on behalf of the client[.]"). *See also* S.D. Ill. Local R. 83.4(d)(2) ("The Rules of Professional Conduct adopted by this court are the Rules of Professional Conduct adopted by the Supreme Court of Illinois as amended from time to time, except as otherwise provided by specific rule of this court."). Naturally, the Court has no wish to encourage or, worse, abet violations of the rules of professional responsibility by the attorneys who practice before it, and therefore the Court will take a few moments to address General Dynamics's argument, meritless though the Court finds it to be.[1]

Verification of pleadings by a party or a party's attorney is permitted the Federal Rules of Civil Procedure, although generally not required save in limited instances not applicable here, such as derivative actions. *See* Fed. R. Civ. P. 23.1; *Thornton v. Evans*, 692 F.2d 1064, 1080-81(7th Cir. 1982). The evidentiary value of such verification is quite limited; where a complaint is verified it

---

1. In addition to the fact that this Court is not, except incidentally, a tribunal for administering professional discipline to attorneys, the fact that arguments raised by litigants based on professional conduct rules usually consume needlessly both the Court's time and that of the parties is one of the reasons why it generally is a good idea for counsel to avoid making arguments based on such rules in their submissions to the Court. *See Dudley v. Putnam Inv. Funds*, 472 F. Supp. 2d 1102, 1107 n.3 (S.D. Ill. 2007) ("[T]he Court strongly discourages glib invocations of professional conduct rules by the attorneys who practice before it.").

constitutes an affidavit which may be used to traverse affidavits opposing it on a motion for summary judgment. *See Albert Dickinson Co. v. Mellos Peanut Co. of Ill.*, 179 F.2d 265, 268 (7th Cir. 1950). Most importantly, courts are well aware of the mischief that may ensue when a party's attorney is made a witness in a litigation. This is why, for example, depositions of opposing counsel are highly disfavored and are permitted only in exceptional circumstances. "Such a deposition provides a unique opportunity for harassment; it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness." *Marco Island Partners v. Oak Dev. Corp.*, 117 F.R.D. 418, 420 (N.D. Ill. 1987). "[D]epositions of opposing counsel . . . disrupt the adversarial process and lower the standards of the profession . . . . Thus, a party should not be permitted to take the deposition of another party's attorney except in the most unusual of circumstances." *Wilson v. Scruggs*, No. Civ.A. 3:02CV525LN, 2003 WL 23521358, at *1 (S.D. Miss. Apr. 10, 2003).

A party seeking to depose an opposing party's attorney shoulders a heavy burden of proving the necessity of such a deposition by showing that (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to preparation of the examining party's case. *See SEC v. Buntrock*, 217 F.R.D. 441, 445 (N.D. Ill. 2003) (citing *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986)) (collecting cases). *Accord New York v. Solvent Chem. Co.*, 214 F.R.D. 106, 112 (W.D.N.Y. 2003); *EEOC v. HBE Corp.*, 157 F.R.D. 465, 466 (E.D. Mo. 1994); *United States v. All Funds on Deposit*, 801 F. Supp. 984, 996 (E.D.N.Y. 1992). Where depositions of opposing counsel are at issue, the party seeking to depose another party's attorney has the burden of "demonstrat[ing] the propriety and the need for the deposition." *American Cas. Co. of Reading,*

*Pa. v. Krieger*, 160 F.R.D. 582, 585 (S.D. Cal. 1995).  Moreover, although protective orders generally are disfavored, "[a] request to take the deposition of a party's attorney . . . constitutes a circumstance justifying departure from the normal rule." *N.F.A. Corp. v. Riverview Narrow Fabrics, Inc.*, 117 F.R.D. 83, 84 (M.D.N.C. 1987).  In fact, "the mere request to depose a party's attorney constitutes good cause for obtaining a . . . protective order," unless the party seeking the deposition can show both the propriety and need for the deposition.  *Niagara Mohawk Power Corp. v. Stone & Webster Eng'g Corp.*, 125 F.R.D. 578, 594 (N.D.N.Y. 1989).  In sum, the Court sees no likelihood that any of Plaintiffs' attorneys will become material witnesses in this litigation.  Further, as the Court hopes it has made clear, any attempt by General Dynamics to make one of Plaintiffs' attorneys a witness in this litigation for the purpose of seeking disqualification of Plaintiffs' counsel will be viewed by the Court with very deep disfavor.

To conclude, Plaintiffs' motion for leave to file an amended complaint (Doc. 92) is **GRANTED**.  Plaintiffs are **ORDERED** to file their amended complaint not later than five (5) days from the date of entry of this Order.

**IT IS SO ORDERED.**

DATED: 10/25/07

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge