## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ERIC WILL, RICHARD COTTERMAN, and DANIEL KUCZON, on behalf of the General Dynamics Corporation Hourly Savings and Stock Investment Plan, the General Dynamics Corporation Savings and Stock Investment Plan, and on behalf of all others similarly situated, | ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | No: 3:06-cv-698- GPM |
| v. | ) ) | Judge G. Patrick Murphy |
| GENERAL DYNAMICS CORPORATION, FIDUCIARY ASSET MANAGEMENT, LLC (f/k/a Fiduciary Asset Management Company), and C.D. WALBRANDT, INC. (f/k/a Fiduciary Asset Management Company), | ) ) ) ) ) ) | Magistrate Judge Clifford J. Proud |
| Defendants. | ) ) | |

## FIRST AMENDED REPRESENTATIVE AND CLASS ACTION COMPLAINT

Plaintiffs Eric Will, Richard Cotterman and Daniel Kuczon, for their First Amended Representative and Class Action Complaint, state as follows:

1.    This case is brought by:  Plaintiff Eric Will, on behalf of the General Dynamics Corporation Hourly Savings and Stock Investment Plan (the "Hourly Plan") and on behalf of all others similarly situated; and Plaintiffs, Richard Cotterman and Daniel Kuczon, on behalf of the General Dynamics Corporation Savings and Stock Investment Plan (the "Salaried Plan") and on behalf of all others similarly situated.

2.    Plaintiffs seek relief under the Employee Retirement Income Security Act ("ERISA") §§ 502(a)(2) and (a)(3), (29 U.S.C. §§ 1132(a)(2), (a)(3)), to recover the losses suffered by the Hourly Plan and the Salaried Plan, and to obtain injunctive and other equitable relief for the Plans from Defendants who have breached their fiduciary duties.

## PARTIES, JURISIDCTION, AND VENUE

### Plaintiffs

3.      Eric Will is a resident of Marion, Illinois, and is a participant in the Hourly Plan.

4.      Richard Cotterman is a resident of Virden, Illinois, and is a participant in the Salaried Plan.

5.      Daniel Kuczon is a resident of San Diego, California, and is a participant in the Salaried Plan.

### Defendants

6.      General Dynamics Corporation ("General Dynamics") is a Delaware corporation, and is headquartered in Falls Church, Virginia.

7.      General Dynamics is subject to personal jurisdiction in this judicial district as it is conducting, and has conducted business, in southern Illinois.

8.      General Dynamics is a named fiduciary of the Hourly Plan and the Salaried Plan, and is the Administrator and Sponsor of those Plans pursuant to ERISA §§ 3(16)(A) and (B), 29 U.S.C. § 1002(16)(A) and (B).

9.      Fiduciary Asset Management, LLC and C.D. Walbrandt, Inc, which each formerly did business under the name Fiduciary Asset Management Company (hereinafter all three entities are jointly referred to as "FAMCo"), are registered to do business in Missouri and have offices and a registered agent for service of process that state.

10.      FAMCo is subject to personal jurisdiction in this judicial district as it is conducting, and has conducted business, in Illinois.

11.      FAMCo was retained by General Dynamics in 1994 to act as an Administrator of the Hourly Plan and the Salaried Plan, and continues to serve in such a role through the present time.

12.     FAMCo is a functional fiduciary of the Hourly Plan and the Salaried Plan under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A).

**Jurisdiction and Venue**

13.     This Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. §1132(e)(1)(2).

14.     Venue is proper in this Court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2) because General Dynamics may be found in this District, and some of Defendants' breaches of fiduciary duty took place in this District.

**GENERAL BACKGROUND INFORMATION**

**The Plans**

15.     The Hourly Plan and the Salaried Plan are "defined contribution plans" as set forth in ERISA § 3(34), 29 U.S.C. § 1002(34), and contain or are part of an "eligible individual account plan" under ERISA § 407(d)(3)(A), 29 U.S.C. §1107(d)(3)(A).  The Hourly Plan and the Salaried Plan are the type of retirement plans commonly referred to as a "401(k) Plan."

16.     Certain employees of General Dynamics are given the opportunity to participate in the Hourly Plan and/or the Salaried Plan, and General Dynamics matches a portion of the money contributed by participants in each of the Plans.

17.     The Hourly Plan and the Salaried Plan were each established, and are operated, under a written Plan document.

18.     The assets of the Hourly Plan and the Salaried Plan are combined into a single trust fund known as the General Dynamics Corporation Savings & Stock Investment Plans Master Trust ("Master Trust").

19.     The Master Trust Agreement is part of, and incorporated into, the Plan document for each Plan.

20.     The Master Trust enables the Hourly Plan and the Salaried Plan to access common investment options or funds, and to share the services of Master Trust record-keepers, investment managers, consultants, and other service providers.

### FAMCo

21.     In 1994, General Dynamics moved its headquarters from Missouri to Virginia.

22.     FAMCo was founded in June, 1994, at which time it was staffed and managed by former employees of General Dynamics.

23.     Upon its incorporation, FAMCo's managerial employees were the same individuals who had, in their roles as employees of General Dynamics, been responsible for administering the Hourly Plan and the Salaried Plan.

24.     Concurrent with FAMCo's founding, or shortly thereafter, General Dynamics entered into an agreement with FAMCo under which FAMCo was retained to act as an Administrator of the Hourly Plan and the Salaried Plan.

25.     General Dynamics delegated to FAMCo fiduciary duties owed by General Dynamics to the Hourly Plan and the Salaried Plan, and their participants and beneficiaries.

26.     The duties delegated by General Dynamics to FAMCo included, but were not limited to:  allocating assets among investment managers and insurance carriers; designating investment managers; directing the trustee to add and remove investment portfolios in a securities lending program; directing the trustee to enter into agreements as are necessary to implement investment in futures contracts and options for futures contracts; communicating investment policies to investment managers; and directing the trustee to distribute funds for payment of fees and expenses of investment managers.

27.     FAMCo exercised discretionary authority over, and had discretionary control of, the management of the Hourly Plan and the Salaried Plan and the disposition of each Plans'

4

assets; it had the authority and responsibility to render, and did render, investment advice for a fee and/or other compensation with respect to the assets of the Plans; and it had discretionary authority and discretionary responsibility in the administration of the Plans.

28.     At the time it was retained by General Dynamics, FAMCo, as a corporation, had no history of administering 401(k) Plans, nor any track record of successful investing.

29.     Prior to retaining FAMCo, General Dynamics did not accept requests for proposals or undertake any other competitive process to determine whether FAMCo was best suited to administer and operate the Hourly Plan and the Salaried Plan.

30.     FAMCo's retention as an Administrator of the Hourly Plan and the Salaried Plan, and General Dynamics' decision to delegate fiduciary duties to it, would not have occurred if not for the personal relationships between the employees of General Dynamics and FAMCo.

## REPRESENTATIVE/CLASS ALLEGATIONS

31.     Pursuant to FED.R.CIV.P. 23.1, Plaintiffs, who fairly and adequately represent the interests of the participants and beneficiaries of the Hourly Plan and the Salaried Plan, bring this action derivatively, on behalf of the Plans and as individual representatives of the Plans, seeking all relief to which the Plans are entitled for the breaches of fiduciary duty set forth herein.

32.     Prior to filing suit, Plaintiffs did not make demand on the fiduciaries of the Hourly Plan and the Salaried Plan to pursue a similar action on behalf of the Plans because such fiduciaries are the actual perpetrators of the wrongs outlined herein and thus such demand would be futile.  Plaintiffs likewise made no demand on the Secretary of Labor to pursue the claims herein because, due to the complex and widespread practices challenged herein and the limited resources available to the Secretary, Plaintiffs believed it would be futile to make such a demand.

33.    In addition, and as deemed necessary, Plaintiffs bring this action pursuant to FED.R.CIV.P. 23 of the Federal Rules of Civil Procedure, on behalf of themselves and the following Class:

> All persons who, from January 1, 1994 to the present, are or formerly were participants or beneficiaries of the Hourly Plan or Salaried Plan. Excluded from the class are the named Defendants and their employees who are liable for the conduct described herein.

34.    The Class is so numerous that joinder of all members is impracticable as there are at least 17,644 participants in the Hourly Plan and 47,647 participants in the Salaried Plan.

35.    There are questions of fact and law common to Class including, but not limited to, the following:

a.    whether General Dynamics exercised the proper amount of care in selecting FAMCo as an administrator of the Plans, delegating fiduciary responsibilities to it, and in monitoring its performance;

b.    whether the affirmative representations and omissions made in the uniform documents provided to all Plan participants and beneficiaries would lead a reasonable person to believe they were paying no fees or expenses for their participation in the Plans;

c.    whether General Dynamics benefited at the expense of the Plans and their participants and beneficiaries by entering into a scheme with Dodge & Cox under which General Dynamics obtained a more favorable rate for the fees it had to pay for the corporate-sponsored pension plan at the expense of the Hourly Plan and the Salaried Plan;

d.      whether there were additional revenue streams available which General Dynamics and FAMCo could have captured for the benefit of the Plans and their participants and beneficiaries;

e.      whether revenue sharing arrangements allowed for some investment options resulted in the Plans, and their participants and beneficiaries, failing to get what they paid for;

f.      whether FAMCo's actions amount to self-dealing, fraud, or misrepresentation;

g.      whether General Dynamics' and FAMCo's acts and omissions constitute a breach of fiduciary duty; and

h.      whether General Dynamics and FAMCO should be required to disgorge all profits received by them;

36.     The named Plaintiffs' claims are typical of those of the members of the Class in that General Dynamics and FAMCo owed the same duties to all of them, and a breach of fiduciary duty as to one class member constitutes a breach of duty as to all since the duties owed are to the Plan as a whole.

37.     Plaintiffs are adequate representatives of the Class as they are familiar with the claims made herein, and have committed to a vigorous prosecution of this case. There can be no intra-class conflicts since all Class members have the same interest in recovering any and all losses for the Plans. In addition, Plaintiffs have retained competent counsel, well versed in class action and ERISA litigation, to represent them in this case.

38.     Class certification is appropriate under FED.R.CIV.P. 23(b)(1) in that, in the absence of certification: there is a risk of inconsistent adjudications with respect to individual class members; and, in addition, adjudications as to one class member would, as a practical

matter, be dispositive of the interests of all since ERISA claims for breach of fiduciary duty involve the plan as a whole.

39.     Class certification is also appropriate under FED.R.CIV.P. 23(b)(2), as General Dynamics and FAMCo have acted on grounds generally applicable to the Class as a whole, making final injunctive and declaratory relief appropriate.

40.     The Class can also be certified under FED.R.CIV.P. 23(b)(3) as the common issues set forth herein predominate over any individual issues (if they even exist), and a class action is the superior method for resolving this controversy which involves wrongdoing to the Plans as a whole, and all of their participants and beneficiaries.

### COUNT I – BREACH OF FIDUCIARY DUTY
**(Against General Dynamics and FAMCo
for Affirmative Misrepresentations About Fees and Expenses)**

41.     Plaintiffs adopt and incorporate herein by reference Paragraphs 1 through 40 of their First Amended Complaint, as though fully set forth herein.

42.     As fiduciaries of the Hourly Plan and the Salaried Plan, General Dynamics and FAMCo owed a duty to the Plans and their participants and beneficiaries, including Plaintiffs, to operate the Plans in a prudent manner, and in the best interest of each Plan's participants and beneficiaries.

43.     The fiduciary duties owed by General Dynamics and FAMCo to the Plans, and their participants and beneficiaries, encompassed a duty to fairly and accurately convey all information relevant to participation in the Plans and the costs associated with such participation.

44.     General Dynamics and FAMCo breached their fiduciary duties by misleading the participants and beneficiaries of the Hourly Plan and the Salaried Plan into believing that: putting aside normal trading costs, they were not paying separate recordkeeper, trustee, investment manager, outside auditor and legal services fees and expenses associated with the

Plans; and their Plan accounts were not being negatively affected by the payment of such fees and expenses. These misleading representations were accomplished by one, or a combination of, the following acts and omissions:

a.  expressly stating on annual quarterly reports issued for each of the investment fund options in the Plans, which "constitute [part of] the Summary Plan Description" for the Plans, that "the Fund" (*i.e.,* the investment fund) was "responsible for the payment of its expenses" which were expressly defined to "include, but [] not [be] limited to, fees payable to the recordkeeper, trustee, investment manager, outside auditor and legal services," thereby leading Plan participants and beneficiaries to believe that the investment fund was paying out of its own profits all expenses other than trading costs;

b.  leading participants and beneficiaries to believe, through statements made in the "Connecting to the General Dynamics Saving and Stock Investment Plan (SSIP)" (which constitutes the Summary Plan Description for the Plans), that they may bear no responsibility for payment of such fees and expenses;

c.  failing to include a line-item on each "Account Statement" sent on a quarterly basis to participants and beneficiaries of the Plans showing a reduction in the specified account specifically attributable to the payment of fees and expenses; and

d.  expressly telling Plan participants and beneficiaries that charges for recordkeeper, trustee, investment manager, outside auditor and legal services fees and expenses would be "*reflected* as an adjustment to

investment earnings or, in certain cases, [ ] charged as a direct fee payable by your account," but subsequently providing Plan participants with no document which "reflected" any such adjustment and/or which showed any deduction for a "direct fee."

45.    Because of General Dynamics' and FAMCo's acts of fraud and concealment as set forth herein, Plaintiffs and the members of the Class did not discover that they had breached their fiduciary responsibilities, duties, and obligations until shortly before the filing of, or during the course of, this litigation.

46.    Based on General Dynamics' and FAMCo's false statements to Plan participants and beneficiaries about the payment of fees or expenses, the Plans and their participants and beneficiaries have been damaged in the total amount of fees and expenses they have paid, and they are entitled to a return of all such fees and expenses charged to the Master Trust, the Plans, and/or the separate accounts of the participants and beneficiaries in the Plans.

## COUNT II – BREACH OF FIDUCIARY DUTY
### (Against General Dynamics and FAMCo
for Failure to Capture Additional Income for Plans)

47.    Plaintiffs adopt and incorporate herein by reference Paragraphs 1 through 40 of their First Amended Complaint, as though fully set forth herein.

48.    General Dynamics and FAMCo, as fiduciaries of the Hourly Plan and the Salaried Plan, owed a duty to the Plans and their participants and beneficiaries, including Plaintiffs, to operate the Plans prudently and in the best interest of the Plan participants and beneficiaries.

49.    The fiduciary duties owed by General Dynamics and FAMCo to the Plans and their participants and beneficiaries, included a duty to:  understand and consider additional compensation streams which could benefit the Plans; maximize the benefits for the Plans, and their participants and beneficiaries; ensure that the Plan's fees and expenses were reasonable for

the services provided; ensure that all transactions were free of conflicts of interest; and conduct themselves with the utmost good faith, loyalty and fidelity.

50.     The operation of the Hourly Plan and the Salaried Plan requires a number of services, including record-keeping, trading/brokerage costs, and custodial/trustee services, for which service providers are paid fees.

51.     General Dynamics and FAMCo breached the fiduciary duties they owed to the Hourly Plan and the Salaried Plan, and their participants and beneficiaries, by failing to plan for, allow for, and capture, additional income for the benefit of the Plans which was available as a result of the involvement of service providers in the Plan operation, as well as from other avenues.  This additional income to the Plans could have been realized if General Dynamics and FAMCo had done one or more of the following:

    a.    collected the finders' fees consultants of the Plans received from investment managers for the consultants' placement of Plan assets;

    b.    ensured that the interest and fees generated by Plan monies awaiting investment or redemption went to the Plans instead of being diverted to service providers;

    c.    captured the profits resulting from lending the securities belonging to the Plans, and ensuring that these payments were not diverted to custodians, investment managers, and mutual funds;

    d.    reaped the compensation resulting from service providers' profiting on foreign currency exchange realized in connection with foreign investments, investment managers, and mutual funds; and/or

e.    refrained from investing the assets of the Plans in buy/write funds, which
would have resulted in the Plans having more funds that were suitable for
securities lending transactions.

52.    In multi-billion dollar 401(k) plans, like those here, the failure of a fiduciary to
capture additional revenue streams can result in a plan paying, and service providers receiving,
millions of dollars in excess compensation.

53.    Because of General Dynamics' and FAMCo's acts of fraud and concealment as
set forth herein, Plaintiffs and the members of the Class did not discover that they had breached
their fiduciary responsibilities, duties, and obligations until shortly before the filing of, or during
the course of, this litigation.

54.    As a result of General Dynamics' and FAMCo's failure to plan for, allow for, and
capture, the additional income streams outlined herein, the Hourly Plan and the Salaried Plan,
and their participants and beneficiaries, suffered a loss of income.

<u>COUNT III</u> – **BREACH OF FIDUCIARY DUTY**
**(Against General Dynamics and FAMCo for**
**Causing and Allowing the Plans to Pay Unreasonable Fees and Expenses)**

55.    Plaintiffs adopt and incorporate herein by reference Paragraphs 1 through 40 of
their First Amended Complaint, as though fully set forth herein.

56.    General Dynamics and FAMCo, as fiduciaries of the Hourly Plan and the Salaried
Plan, owed a duty to the Plans and their participants and beneficiaries, including Plaintiffs, to
operate the Plans prudently and in the best interest of the Plan participants and beneficiaries.

57.    The fiduciary duties owed by General Dynamics and FAMCo to the participants
and beneficiaries of the Hourly Plan and the Salaried Plan, including Plaintiffs, encompassed the
duty to:  ensure that the Plan fees and expenses were reasonable for the services provided;

properly monitor the fees and expenses paid by the Plans; and ensure that plan participants and beneficiaries were receiving the full benefit of what they believed they were paying for.

58.     General Dynamics and FAMCo breached their fiduciary duties by failing to ensure that fees and expenses were reasonable and not excessive in that:  they allowed, and failed to prevent, revenue sharing arrangements under which some fees paid for operating and managing investments were divided among non-disclosed service providers; and they allowed, and failed to prevent, the charging of excessive fees for securities lending.

59.     *Revenue Sharing* - By allowing revenue sharing among non-disclosed service providers General Dynamics and FAMCo effectively affirmatively misrepresented to Plan participants and beneficiaries that the fees they were paying were going directly for active management of investment accounts, when, in reality, some of these fees were actually being used to pay for routine expenses associated with operating and administering the Plans.  In other words, without their knowledge, participants and beneficiaries of the Hourly Plan and the Salaried Plan were burdened with fees that were disproportionate to the value of the management services they were actually receiving.

60.     *Securities Lending* – FAMCo, as a fiduciary and administrator of the Plans, and General Dynamics as a named fiduciary and an administrator of the Plans, and as a direct participant in security lending activities, failed to ensure that excessive fees were not charged to the Plans and their participants and beneficiaries for securities lending in that they initially agreed to pay Northern Trust a 40% fee for such activity.   Although, after subsequent negotiations months later the fee was reduced to 30%, and then again, after many more months, to 20%, General Dynamics and FAMCO failed to follow a prudent course in securities lending in that they engaged in a buy/write program that precluded earning lending income and engaged in securities lending with an affiliate of the Plans' custodian.

61.     Because of General Dynamics' and FAMCo's acts of fraud and concealment as set forth herein, Plaintiffs and the members of the Class did not discover that they had breached their fiduciary responsibilities, duties, and obligations until shortly before the filing of, or during the course of, this litigation.

62.     The Plans, and their participants and beneficiaries were damaged by General Dynamics' and FAMCo's breach of their fiduciary duty to ensure that Plan participants and beneficiaries received what they paid for, and that only reasonable fees and expenses were paid, as the excessive monies paid to service providers were eventually charged to them.

**COUNT IV – BREACH OF FIDUCIARY DUTY**
**(Against General Dynamics Arising Out of the**
**Selection, Retention, and Continued Use of FAMCo)**

63.     Plaintiffs adopt and incorporate herein by reference Paragraphs 1 through 40 of their First Amended Complaint, as though fully set forth herein.

64.     General Dynamics, as a fiduciary of the Hourly Plan and the Salaried Plan, owed a duty to the Plans and their participants and beneficiaries, including Plaintiffs, to operate the Plans prudently and in the best interest of the Plan participants and beneficiaries.

65.     General Dynamics' fiduciary duties encompassed the duty to:   monitor and evaluate those retained by it to administer the Plans and/or those to whom it delegated discretionary authority; conduct itself with the utmost good faith, loyalty and fidelity; act with the sole purpose of advancing the interests of the Plan, its participants and beneficiaries; and scrupulously avoid all self-interest, duplicity and deceit.

66.     In selecting and retaining FAMCo as an Administrator for, and a fiduciary of, the Plans, and in allowing FAMCo to continue as an Administrator for, and fiduciary of, the Plans, General Dynamics breached its fiduciary duties in one or more of the following ways:

a.    contracted with FAMCo without consideration of objective criteria that are required from a prospective plan administrator, such as proof of an adequate amount of assets under management, or a track record for administrating investments;

b.    retained FAMCo as Plan Administrator when, as a corporation, FAMCo did not possess objective qualifications competitive with other potential plan administrators in the financial services market with track records of holding positions administrating assets on the scale of those in the Hourly Plan and the Salaried Plan;

c.    based on information and belief, contracted with FAMCo without issuing an invitation to bid to competitors of FAMCo before retaining FAMCo as Plan Administrator, and without evaluating competitors to ensure that the most qualified and economic plan administrator was retained;

d.    failed to verify length of track record, investment performance, and other representations made by FAMCo;

e.    failed to diligently and critically compare FAMCo's performance to that of other potential plan administrators on a periodic and ongoing basis;

f.    failed to apply standards of performance to FAMCo that would customarily be applied to a plan administrator in charge of assets on the scale of those in the Hourly Plan and the Salaried Plan;

g.    failed to compare FAMCo's performance to the benchmarks established by the market for retirement plan services;

h.    failed to evaluate whether replacement of FAMCo was warranted due to losses in Plan assets and income streams;

i.  delegated fiduciary duties to FAMCo despite the lack of any objective demonstration that FAMCo could properly fulfill those duties;

j.  permitted FAMCo to exercise fiduciary duties to select investment managers and allocate assets among them for its own benefit;

k.  failed to engage in periodic, rigorous evaluations of FAMCo's performance to ensure that it was fulfilling its fiduciary obligations;

l.  failed to inform the participants and beneficiaries of the Plans that FAMCo was formed by former management employees of General Dynamics, and that retaining FAMCo to administer the Plan would benefit those former management employees to the detriment of the Plans, and their participants and beneficiaries;

m.  overly compensated FAMCo for the services provided; and

n.  in determining the amount of compensation to be paid to FAMCo, credited FAMCo for the years of service FAMCo employees spent as employees of General Dynamics.

67.     Because of General Dynamics' acts of fraud and concealment as set forth herein, Plaintiffs and the members of the Class did not discover that it had breached its fiduciary responsibilities, duties, and obligations until shortly before the filing of, or during the course of, this litigation.

68.     As a result of General Dynamics' breach of fiduciary duties in selecting, retaining, and continuing to use FAMCo, the Hourly Plan and the Salaried Plan, and their participants and beneficiaries were deprived of the services of a more qualified Plan Administrator, and the Plans and their participants lost income streams that they might have otherwise had.

**COUNT V – BREACH OF FIDUCIARY DUTY**
**(Against General Dynamics for Allowing**
**the Pension Plan to Profit at the Expense of the Hourly Plan and the Salaried Plan)**

69.     Plaintiffs adopt and incorporate herein by reference Paragraphs 1 through 40 of their First Amended Complaint, as though fully set forth herein.

70.     General Dynamics, as a fiduciary of the Hourly Plan and the Salaried Plan, owed a duty to the Plans and their participants and beneficiaries, including Plaintiffs, to operate the Plans prudently and in the best interest of the Plan participants and beneficiaries.

71.     The fiduciary duties owed by General Dynamics encompassed the duty to: conduct itself with the utmost good faith, loyalty and fidelity; act with the sole purpose of advancing the interests of the Plan, its participants and beneficiaries; and scrupulously avoid all self-interest, duplicity and deceit.

72.     General Dynamics breached the fiduciary duties it owed to the participants and beneficiaries of the Hourly Plan and the Salaried Plan by participating in a scheme with Dodge & Cox Funds, an investment manager, under which General Dynamics directly benefited at the expense of the Plans.

73.     Under the scheme devised by General Dynamics with Dodge & Cox, Dodge & Cox was chosen to manage General Dynamics' corporate-sponsored defined benefit plan ("the corporate-sponsored pension plan"), the fees and expenses for which were paid by General Dynamics (not pension plan participants).

74.     The fee structure for Dodge & Cox was graduated, so that, for example, the fees on the first several million dollars invested in a pension plan were charged at a higher rate than the next level of invested dollars, which in turn were charged fees at a higher rate than the next level.

75.    In 2005, General Dynamics retained Dodge & Cox to provide management services to one of the fund options available to participants in the Hourly Plan and the Salaried Plan, in addition to its provision of management services to the corporate-sponsored pension plan. In doing so, General Dynamics agreed that the fees for Dodge & Cox's management of the Hourly Plan and the Salaried Plan would be calculated before the fees for the pension plan.

76.    The result of General Dynamics' agreement to have Dodge & Cox charge the Hourly Plan and the Salaried Plan first, before charging the pension plan, equated with the higher fee rates being applied to the Hourly Plan and the Salaried Plan, with the corporate-sponsored pension plan getting the benefit of the lower expense rates resulting from the graduated fee structure. In other words, the first level of higher rates for fees which had, in prior years, been borne by General Dynamics were now being borne by the Hourly Plan and the Salaried Plan, and their participants and beneficiaries.

77.    General Dynamics benefited from the scheme involving Dodge & Cox because, by the Hourly Plan and the Salaried Plan being charged first with the highest level of fees, General Dynamics saved money for itself since it got the advantage of paying lower fees for the corporate-sponsored pension plan either immediately or sooner than it otherwise would have.

78.    General Dynamics violated its fiduciary duty by entering into the aforesaid scheme with Dodge & Cox because it received a direct, substantial, and tangible benefit at the expense of the participants and beneficiaries in the Hourly Plan and the Salaried Plan.

79.    As a result of General Dynamics' breach of its fiduciary duty, the participants and beneficiaries in the Hourly Plan and the Salaried Plan were damaged by their payment of excessive and disproportionate fees on the funds in the Dodge & Cox Fund, to which they are entitled to a refund.

## COUNT VI – BREACH OF FIDUCIARY DUTY
### (Against FAMCo for Self-Dealing)

80.     Plaintiffs adopt and incorporate herein by reference Paragraphs 1 through 40 of their First Amended Complaint, as though fully set forth herein.

81.     FAMCo, as a fiduciary of the Hourly Plan and the Salaried Plan, owed a duty to the Plans and their participants and beneficiaries, including Plaintiffs, to operate the Plans prudently and in the best interest of the Plan participants and beneficiaries.

82.     The fiduciary duties owed by FAMCo to the participants and beneficiaries of the Hourly Plan and the Salaried Plan included the duty to refrain from self-dealing, to avoid conflicts of interest, to avoid prohibited transactions under ERISA § 406, and to scrupulously avoid all self-interest, duplicity, and deceit.

83.     FAMCo accepted from General Dynamics the fiduciary responsibility to designate investment managers for the investment options in the Hourly Plan and the Salaried Plan, and the responsibility to allocate assets among investment managers for the Plans.

84.     FAMCo, on the one hand, occupied a privileged position with the management structure of General Dynamics based on the fact that its management employees were all former employees of General Dynamics; on the other hand, FAMCo was in an adverse position to Plan participants in negotiating its initial and ongoing involvement in the Hourly Plan and the Salaried Plan as its fees would, inevitably, be paid for by the Plans, and their participants and beneficiaries.

85.     By accepting a position of authority which allowed it to designate investment managers and allocate Plan assets among them, and by utilizing its favorable position with General Dynamics in negotiating its own compensation, FAMCo breached its fiduciary duties, and, in addition, it engaged in prohibited transactions in violation of ERISA § 406, in one or more of the following ways:

a. misrepresented its performance in its attempts to secure business from General Dynamics;

b. agreed to act, and did act, as an investment manager for the Plans, the result of which was that FAMCo put itself in a position where it had the fiduciary authority to allocate Plan assets to its own management;

c. exercised its delegated authority and allocated Plan assets to funds for which it garnered investment management fees;

d. upon information and belief, exercised its delegated authority and designated itself investment manager for funds containing Plan assets;

e. exercised its delegated authority to increase the amount of investment management fees it realized from the Plans;

f. recommended hiring itself to manage a variety of accounts for General Dynamics;

g. collected compensation through an expense ratio of total assets which resulted in its fees rising with the amount of assets invested in the Plans, rather than based on the value of the services actually rendered;

h. negotiated for, and accepted, compensation that was not demonstrably based on undivided loyalty to the participants in the Plan;

i. used its employees' history of employment with General Dynamics to bargain for additional compensation to the detriment of the Plans, and their participants and beneficiaries;

j. accepted fees for its services which were excessive; and

k. wrongfully used the assets of the Plans, and their participants and beneficiaries, to develop its own business so that it could reap excess

profits from a sale to some other entity like Piper Jaffray Companies at a time when General Dynamics represented the major portion of its business.

86.     Because of FAMCo's acts of fraud and concealment as set forth herein, Plaintiffs and the members of the Class did not discover that it had breached its fiduciary responsibilities, duties, and obligations until shortly before the filing of, or during the course of, this litigation.

87.     As a result of FAMCo's self-dealing, benefiting at the expense of the Hourly Plan and the Salaried Plan, and failure to avoid conflicts of interest, FAMCo should be required to disgorge all profits made at the expense of the Plans and their participants and beneficiaries, including all profits made in any sale to another entity such as Piper Jaffray Companies, to ensure that it does not profit by its own wrongful conduct.

FOR RELIEF Plaintiffs, on behalf of the Plan and all similarly situated Plan participants and beneficiaries, respectfully request that the Court:

- declare that the Defendants have breached their fiduciary duties, and thus are personally liable to make good to the Plans all losses that the Plans incurred as a result of their wrongful conduct;

- award actual damages to the Plans;

- mandate that Defendants disgorge all fees and expenses charged to the Plans and their beneficiaries and participants;

- impose a constructive trust on any monies by which the Defendants were unjustly enriched as a result of their breaches of fiduciary duty;

- disgorge all profits from the sale of FAMCo to any other entity, such as Piper Jaffray Companies;

- remove the fiduciaries who have breached their fiduciary duties;

21

- permanently enjoin Defendants from breaching their fiduciary duties;

- award to Plaintiffs and the Class their attorneys fees and costs pursuant to ERISA § 502(g) and/or the common fund doctrine;

- order equitable restitution;

- order the payment of interest to the extent it is allowed by law;

- award Plaintiffs their costs incurred herein; and

- grant any other and further relief the Court deems appropriate.

## VERIFICATION

Pursuant to 28 U.S.C. § 1746, the undersigned declares under penalty of perjury that the foregoing First Amended Complaint is based on a review of documents obtained through discovery during the course of this case, and consultation with experts in the industry, and that based on these sources of information, the information contained herein is true and correct to the best of her present knowledge, information, and belief.

/s/ Kathy A. Wisniewski

Respectfully submitted,

**SCHLICHTER, BOGARD & DENTON**

By:  /s/ Kathy A. Wisniewski
Jerome J. Schlichter, 02488116
jschlichter@uselaws.com
Kathy A. Wisniewski, 03128346
kwisniewski@uselaws.com
120 W. Main Street, Suite 208
Belleville, IL 62220

100 S. Fourth Street, Suite 900
St. Louis, Missouri 63102
(314) 621-6115
(314) 621-7151 (Fax)

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2007, I filed Plaintiffs' First Amended Representative and Class Action Complaint with the clerk of the court using the CM/ECF system which will send notification of such filing(s) to the following:

Craig C. Martin
Daniel Winters
Amanda S. Amert
Reena R. Bajowala
Jenner & Block LLP
330 N. Wabash Avenue
Chicago, IL  60611

Larry E. Hepler
Troy A. Bozarth
Two Mark Twain Plaza
103 West Vandalia St, Suite 300
Edwardsville, IL 62025-0510

*Counsel for Defendant General Dynamics Corp*


/s/ Kathy A. Wisniewski