**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ERIC WILL, RICHARD COTTERMAN, and DANIEL KUCZON, on behalf of the General Dynamics Corporation Hourly Savings and Stock Investment Plan, the General Dynamics Corporation Savings and Stock Investment Plan, and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAL DYNAMICS CORPORATION, FIDUCIARY ASSET MANAGEMENT, LLC (f/k/a Fiduciary Asset Management Company), and C.D. WALBRANDT, INC. (f/k/a Fiduciary Asset Management Company), DAVID H. FOGG, CHARLES D. WALBRANDT, JOSEPH E. GALLAGHER, WILEY ANGELL, JAMES CUNNANE, JR., MOHAMMED RIAD, THE GENERAL DYNAMICS BENEFIT PLANS AND INVESTMENT COMMITTEE, JAY L. JOHNSON, JOHN M. KEANE, ROBERT WALMSLEY, DEBORAH J. LUCAS and PIPER JAFFRAY COMPANIES, <br><br> Defendants. | Case No: 3:06-cv-698- GPM <br><br><br> Judge G. Patrick Murphy <br> Magistrate Judge Clifford J. Proud |

**DEFENDANT PIPER JAFFRAY'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED
DIRECT ACTION AND CLASS ACTION COMPLAINT**

Plaintiffs have filed a five-count Second Amended Direct Action and Class Action Complaint (SAC") against multiple defendants, alleging various breaches of fiduciary duty related to two ERISA plans. One of these counts (Count II) is asserted against Piper Jaffray Companies ("Piper Jaffray"). For the reasons set forth below, plaintiffs have failed to state a claim against Piper Jaffray. Accordingly, pursuant to

Federal Rule of Civil Procedure 12(b)(6), the company moves to dismiss with prejudice the sole count against it, Count II.

## FACTUAL BACKGROUND[1]

### A. THE PARTIES

#### 1. The Plaintiffs

Plaintiff Eric Will alleges that he is a participant in the General Dynamics Corporation Hourly Savings and Stock Investment Plan (the "Hourly Plan") (SAC ¶¶ 1, 3). Plaintiffs Richard Cotterman and Daniel Kuczon allege that they are participants in the General Dynamics Corporation Savings and Stock Investment Plan (the "Salaried Plan" and, together with the Hourly Plan, the "Plans") (*id.* ¶¶ 1, 4-5). The plaintiffs seek relief under ERISA Sections 502(a)(2) and (3) (*id.* ¶ 2).

#### 2. The Defendants

Defendants are General Dynamics Corporation ("General Dynamics") and its Benefit Plans and Investment Committee (the "BPIC") (*id.* ¶¶ 6-8, 23); Fiduciary Asset Management, LLC and C.D. Walbrandt, Inc. (collectively referred to as "FAMCO") (*id.* ¶ 10-13); and Piper Jaffray (*id.* ¶ 20-22).

Individual employees and/or members of these entities also have been named as defendants. The General Dynamics Individual Defendants include David Fogg, as well as alleged BPIC members Jay L. Johnson, John M. Keane, Robert L. Walmsley and Deborah J. Lucas (*id.* ¶¶ 14, 24-28). The FAMCO Individual Defendants include FAMCO employees Charles D. Walbrandt, Joseph E. Gallagher, Wiley Angell, James Cunnane, Jr., and Mohammad Riad (*id.* ¶¶ 14-19).

---

[1] For purposes of this memorandum, the "facts" alleged in Plaintiffs Second Amended Direct Action and Class Action Complaint are taken as true.

### B. PLAINTIFFS' CLAIMS

According to plaintiffs, in 1994, several General Dynamics employees responsible for the Plans proposed to outsource the Plans' administration, then founded their own investment management business, FAMCO, to perform the work (*id.* ¶¶ 38-41). As a result of the outsourcing agreement with General Dynamics, FAMCO and the FAMCO Individual Defendants gained control of over $2 billion in assets of the Plans and assumed a variety of other fiduciary duties delegated to it by General Dynamics (*id.* ¶ 43-46). FAMCO also exercised its delegated authority to obtain renewed outsourcing agreements with General Dynamics on several occasions (*id.* ¶ 50). As a result of these outsourcing agreements, FAMCO's business grew, and by 2007 FAMCO and the FAMCO Individual Defendants were able to sell the business to Piper Jaffray (*id.* ¶ 51, 83).

From these basic allegations, plaintiffs have developed a complaint comprised of five counts, each of which is characterized as a breach of fiduciary duty by one or more defendants. FAMCO and the FAMCO Individual Defendants are alleged generally to have breached their fiduciary duties by failing to avoid self-dealing and conflicts in interest (Counts I and II) and by allowing the Plans to pay unreasonable fees and expenses (Count V). General Dynamics, the BPIC and the General Dynamics Individual Defendants are alleged generally to have breached their fiduciary duties by allowing and/or participating in FAMCO's self-dealing (Counts I and II); allowing the General Dynamics pension plan to benefit at the expense of the Hourly and Salaried Plans (Count III); and failing to capture additional income for the Plans and/or to prudently monitor the Plans' securities lending arrangement (Count V). General Dynamics is alleged to have

breached its fiduciary duties for the additional reason that it caused and allowed the Plans to pay unreasonable fees and expenses (Count IV).

Plaintiffs have not alleged that Piper Jaffray was a fiduciary. Rather, plaintiffs' claims against Piper Jaffray are limited to Count II, "Allowing and/or Participating in FAMCO's Self-Dealing." According to plaintiffs, when Piper Jaffray purchased FAMCO, FAMCO and the FAMCO Individual Defendants reaped "excess profit" (*id*. ¶ 82-83). Plaintiffs also claim that Piper Jaffray received distributions of income from FAMCO after the sale (*id*. ¶ 22, 84). As result, plaintiffs argue, "Piper Jaffray should be required to disgorge all sums received from FAMCO at the expense of the Plans and their participants and beneficiaries, including all monies received from the sale to Piper Jaffray" (*id*. ¶ 85; *see also id*. ¶¶ 22 (Piper Jaffray is "subject to disgorgement of profits and distributions attained through prohibited transactions under ERISA") and 90 ("Piper Jaffray is liable for disgorgement of all sums received from FAMCO.").

## **ARGUMENT**

Complaints are subject to dismissal unless they plead facts – rather than conclusions – making it plausible to believe that plaintiffs will be able to prove each element of their claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual development." *Ashcroft v. Iqbal*, --- U.S. ---, 129 S. Ct. 1937, 1949 (May 18, 2009) (internal citations omitted); *see also Pugh v. Tribune Co.*, 521 F.3d 686 (7th Cir. 2008) (affirming district court's dismissal of ERISA claims with prejudice where plaintiffs' mostly conclusory allegations did not plausibly plead that defendants

knew, or were reckless in not knowing, of fraudulent conduct by others). Rather, plaintiffs must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 Sect. at 1949. The act of assessing a claim's plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950.

I. **COUNT II FAILS TO STATE A CLAIM AGAINST PIPER JAFFRAY BECAUSE PLAINTIFFS HAVE PLED NO FACTS SHOWING PIPER JAFFRAY WAS A PLAN FIDUCIARY OR THAT PIPER JAFFRAY RECEIVED PLAN ASSETS.**

A. **Only Plan Fiduciaries Are Liable For Plan Losses; Non-Fiduciaries Are Subject Only To Equitable Remedies.**

The universe of possible defendants in an ERISA action is defined by the available remedies. The remedy of recovery for plan losses is provided for only in ERISA Section 409(a), which is limited to claims against fiduciaries:

> Any person *who is a fiduciary* with respect to a plan . . . shall be personally liable to make good to such plan *any losses* to the plan resulting from each such breach[.]

29 U.S.C. § 1109(a) (emphasis added). Because of this statutory limitation, non-fiduciaries are not liable for plan losses at all and cannot be defendants in an action predicated on Section 409(a). *See Mertens v. Hewitt Assocs.*, 508 U.S. 248, 251-53 (1993) (affirming lower court's dismissal of complaint against non-fiduciary for knowing participation in a fiduciary's breach of duty).

Non-loss remedies to a plan, on the other hand, can be pursued against anyone, but subject to the caveat that remedies are limited to "appropriate equitable relief." ERISA Section 502(a)(3) provides:

> A civil action may be brought- . . . by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of [ERISA Title I] or the

- 5 - -

>   terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this title or the terms of the plan.

29 U.S.C. § 1132(a)(3). Appropriate equitable relief is limited to non-loss remedies, and "generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 214 (2002). Thus, non-fiduciaries cannot be pursued for plan losses, and cannot be pursued at all in an action predicated on Section 502(a)(3) if no appropriate equitable relief is available. *Harris Trust & Sav. Bank v. Salomon Smith Barney, Inc.*, 530 U.S. 238, 251 (2000) ("Only a transferee of ill-gotten trust assets may be held liable, and then only when the transferee . . . knew or should have known of the existence of the trust and the circumstances that rendered the transfer in breach of trust."); *cf. Mellon Bank, N.A. v. Levy,* 71 Fed. App. 146, 150 (3d Cir. Aug. 6, 2003) (affirming district court's dismissal of complaint against defendant who was "neither a fiduciary, nor a nonfiduciary subject to ERISA's narrow form of equitable relief").

Simply stated, ERISA Section 409(a), by its terms, permits plaintiffs to seek recovery of plan losses against fiduciaries for an alleged breach of duty owed a plan. But with respect to everyone else, ERISA Section 502(a)(3) only permits plaintiffs to follow plan assets.

> **B.    Piper Jaffray Is Not Liable For Any Plan Losses Because Plaintiffs Have Not Alleged That Piper Jaffray Is A Fiduciary Or Pled Facts That Would Support Such A Conclusion.**

Plaintiffs have not pled that Piper Jaffray is a fiduciary. Plaintiffs' complaint describes the roles and responsibilities of each alleged defendant (SAC ¶¶ 8-28), including explicit and repeated allegations that certain defendants have fiduciary

6

responsibilities with respect to the Plans (*see* alleged fiduciary responsibility and conduct attributed to General Dynamics (*id.* ¶¶ 8, 44, 49, 57, 58, 64-67, 86-87, 89, 92-95, 98-99, 105-106, 109-112, 114-115, 117, 119-120, 126-127); the BPIC (*id.* ¶¶ 57, 64-67, 86-87, 89, 92-95, 98-99, 105-106, 114-115, 117, 119-120, 126-127); General Dynamics Individual Defendants (*id.* ¶¶ 9, 24-27, 57, 64-67, 86-87, 89, 92-95, 98-99, 105-106, 114-115, 117, 119-120, 126-127); FAMCO (*id.* ¶¶ 13, 44, 49, 57, 58, 68-70, 72, 78-81, 114-115, 117, 119-120, 126-127); and FAMCO Individual Defendants (*id.* ¶¶ 68-69, 78-79, 114-115, 117, 119-120, 126-127)).  Alone among the defendants, only Piper Jaffray is never identified as a fiduciary.  It is telling that plaintiffs decided not to use the term with respect to Piper Jaffray, despite invoking it so freely to describe the responsibilities and conduct of the other defendants.

In any event, even if plaintiffs had labeled Piper Jaffray a "fiduciary," any claim that Piper Jaffray owed fiduciary duties to the Plans would be no more than a "naked assertion[] devoid of further factual development." *Iqbal*, --- U.S. ---, 129 Sect. at 1949. ERISA defines a fiduciary in functional terms, as one who "exercises discretionary control or authority over the plan's management, administration or assets." *Mertens*, 508 U.S. at 251, citing 29 U.S.C. § 1102(21)(A).  According to plaintiffs, discretionary control or authority over the Plans' assets was in the hands of *FAMCO*, the *FAMCO Individual Defendants*, *General Dynamics*, the *BPIC*, and the *General Dynamics Individual Defendants* (*see, e.g.*, SAC ¶¶ 51, 82, 90).  There are no comparable allegations that Piper Jaffray had or has exercised control or authority over the Plans.

Plaintiffs' allegations as to Piper Jaffray only concern its relationship to FAMCO and the FAMCO Individual Defendants, not the Plans.  For example, Plaintiffs allege that

FAMCO was sold to Piper Jaffray for a series of payments commencing in 2007 (*id.* ¶¶ 51, 83) and that, subsequently Piper Jaffray received proceeds from FAMCO (*id.* ¶¶ 22, 90).  Plaintiffs' complaint is utterly silent, however, on any connection between Piper Jaffray and the *Plans*, much less any allegations that would plausibly suggest that the company exercised discretionary control or authority over the Plans' assets that would give rise to any fiduciary duties.

Because Piper Jaffray is not plausibly alleged to be, and is not in fact, a fiduciary to the Plans, plaintiffs may not proceed against Piper Jaffray for plan losses.  *See* 29 U.S.C. § 1109(a); *Mertens*, 508 U.S. at 251-53.  Accordingly, to the extent it seeks money damages against Piper Jaffray, Count II must be dismissed with prejudice.

> **C.    There Is No Allegation That Piper Jaffray Received Plan Assets That Section 502(a)(3) Could Require It To Disgorge.**

In order to recover in equity, plaintiffs must seek to restore particular funds or property belonging to it but in Piper Jaffray's possession.  *Knudson*, 534 U.S. at 214. Otherwise, Piper Jaffray is not a proper defendant at all.  *See id.*, 534 U.S. at 281 (holding that Section 502(a)(3) does not authorize a suit seeking only legal, not equitable, restitution); *Mellon Bank*, 71 Fed. App. at 150 (dismissing party who was "neither a fiduciary, nor a nonfiduciary subject to ERISA's narrow form of equitable relief").

Plaintiffs have not identified a *res* that Piper Jaffray received from the Plans that would make an equitable, non-loss remedy under ERISA Section 502(a)(3) even possible.  A remedy in equity is "ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession."  *Knudson*, 534 U.S. at 213; *see also Sereboff v. Mid Atlantic Med. Servs.,*

*Inc.*, 547 U.S. 356, 362 (2006) (citing *Knudson* and explaining that imposition of a constructive trust or equitable lien on particular property in defendant's possession is an equitable remedy, but the imposition of personal liability for funds not in defendant's possession is legal relief).

To the extent that plaintiffs allege Piper Jaffray was involved in any transactions at all, those involved only Piper Jaffray and FAMCO (*id.* ¶¶ 22, 51, 82-85). For example, Plaintiffs allege that Piper Jaffray acquired FAMCO through payments commencing in 2007 and continuing through 2010 (*id.* ¶¶ 22, 51, 82-85). Accepting this as true, the sale of FAMCO to Piper Jaffray plainly does not concern "money or property identified as belonging in good conscience to [plaintiffs that] could clearly be traced to particular funds or property in [Piper Jaffray's] possession," as *Knudson* requires: the transfer of assets was not from the Plans to Piper Jaffray, but from Piper Jaffray to FAMCO. Indeed, it is nonsensical to claim, as plaintiffs have, that Piper Jaffray must "disgorge" monies it paid to acquire FAMCO, since those monies had to leave Piper Jaffray's possession in order to consummate the deal.

Plaintiffs also allege that Piper Jaffray has received "distributions of income" from *FAMCO* (*id.* ¶ 22, 84). However, plaintiffs offer nothing to plausibly suggest that such payments are comprised of Plan assets that Piper Jaffray somehow misappropriated and should be required equitably to disgorge. The mere fact of a payment from FAMCO to Piper Jaffray does not plausibly suggest the use of monies from the Plans. Plaintiffs' complaint concedes that FAMCO performed work on behalf of clients other than the Plans (*see, e.g.*, *id.* ¶¶ 81-82 ("General Dynamics represented a major portion of [FAMCO's] business"), any or all of which may be the source of funds paid by FAMCO

to Piper Jaffray. Plaintiffs' complaint cannot survive in the absence of any plausible connection between the *Plans'* assets and an alleged transfer of funds from FAMCO to Piper Jaffray.

Finally, plaintiffs allege that Piper Jaffray is subject to disgorgement of monies obtained through transactions apparently undertaken by FAMCO and the FAMCO Individual Defendants and prohibited by ERISA § 406 (*see id*. ¶¶ 22, 69). For the reasons explained in the preceding section, Piper Jaffray is not a fiduciary and thus has no duty to the plan to avoid prohibited transactions. *See Harris Trust*, 530 U.S. at 245 ("§ 406(a) imposes a duty only on the fiduciary that causes the plan to engage in the transaction"), *citing* 29 U.S.C. § 1106(a). And as a non-fiduciary, Piper Jaffray is subject to disgorgement only if the Plans' money or property can clearly be traced to particular funds or property in Piper Jaffray's possession. *See Harris Trust*, 530 U.S. at 251; *Knudson,* 534 U.S. at 213. For the same reasons as explained above, plaintiffs have not plausibly plead that Piper Jaffray possesses any Plan assets whatsoever, much less any Plan assets related to alleged prohibited transactions.

### D. Plaintiffs Have Failed To Plead Facts Sufficient To Show That Piper Jaffray Knew Or Should Have Known That A Prohibited Transaction Took Place.

*Harris Trust* requires that a "transferee [of plan assets] must be demonstrated to have had *actual or constructive knowledge* of the circumstances that rendered the transaction unlawful." 530 U.S. at 251 (emphasis added). Plaintiffs cannot meet this burden with a conclusory statement about what a defendant should have known; "it must be alleged that each defendant was in a position to know or learn of the information." *Pugh*, 521 F.3d at 701 (affirming district court's decision to dismiss plaintiffs' complaint with prejudice where plaintiffs offered only a conclusory statement that defendant's

management personnel, by virtue of their positions alone, should have possessed information of alleged misconduct). As explained in the preceding paragraphs, plaintiffs allege only that Piper Jaffray transacted with FAMCO and the FAMCO Individual Defendants. Plaintiffs fail even to offer a conclusory statement that Piper Jaffray had knowledge of the acts plaintiffs claim made any of the Plans' transactions with the other defendants unlawful. There simply is nothing in plaintiffs' complaint to suggest that Piper Jaffray knew, or was in a position to know, of any of the alleged fiduciary breaches that took place in this case.

Without a viable equitable remedy against Piper Jaffray, Count II collapses. Because plaintiffs have failed to allege facts sufficient to pursue Piper Jaffray, a non-fiduciary, for equitable relief under ERISA Section 502(a)(3), Piper Jaffray should be dismissed from Count II.

## CONCLUSION

Plaintiffs' Second Amended Direct Action and Class Action Complaint consists of unsupported and frivolous allegations against Piper Jaffray. Piper Jaffray should not be dragged into litigation when plaintiffs have not, and cannot, plead sufficient facts to allege that Piper Jaffray may be liable to plaintiffs under the applicable law. Accordingly, for the reasons stated above, as well as the submissions and arguments of the parties and counsel, Piper Jaffray respectfully requests that the Court dismiss plaintiffs' claim of breach of fiduciary duty against Piper Jaffray (Count II).

Respectfully Submitted,

By:   s/ Deborah S. Davidson
Charles C. Jackson (admitted *Pro Hac Vice*)
Sari M. Alamuddin (admitted *Pro Hac Vice*)
Deborah S. Davidson (admitted *Pro Hac Vice*)
Shannon M. Callahan (admitted *Pro Hac Vice*)
MORGAN, LEWIS & BOCKIUS LLP
77 West Wacker Drive, Fifth Floor
Chicago, IL 60601
(312) 324-1000 Telephone
(312) 324-1001 Facsimile
cjackson@morganlewis.com
salamuddin@morganlewis.com
ddavidson@morganlewis.com
scallahan@morganlewis.com

Stanley G. Schroeder
Charles H. Morgan
Matthew B. Robinson
THE LOWENBAUM PARTNERSHIP
222 South Central Avenue, Suite 901
St. Louis Missouri 63105
(314) 863-0092 Telephone
(314) 746-4848 Facsimile
sschroeder@lowenbaumlaw.com
cmorgan@lowenbaumlaw.com
mrobinson@lowenbaumlaw.com

Attorneys for Defendants Fiduciary Asset
  Management, LLC, C.D. Walbrandt, Inc.,
  Piper Jaffray Companies, Charles D.
  Walbrandt, Joseph E. Gallagher, Wiley
  Angell, James Cunnane, Jr., and
  Mohammed Riad

Dated: September 15, 2009

**CERTIFICATE OF SERVICE**

I, Deborah S. Davidson, one of the attorneys for Defendants Fiduciary Asset Management, LLC, C.D. Walbrandt, Inc., Piper Jaffray Companies, Charles D. Walbrandt, Joseph E. Gallagher, Wiley Angell, James Cunnane, Jr., and Mohammed Riad, hereby certify that, on September 15, 2009, I electronically filed Defendant Piper Jaffray's Memorandum of Law In Support Of Its Motion To Dismiss Plaintiffs' Second Amended Direct Action And Class Action Complaint with the Clerk of the Court using the Court's Electronic Case Filing System, which will send notification of such filing to the following:

Craig C. Martin
Daniel Winters
Amanda S. Amert
Reena J. Bajowala
Jenner & Block, LLP
330 N. Wabash Avenue
Chicago, IL 60611
cmartin@jenner.com
dwinters@jenner.com
aamert@jenner.com
rbajowala@jenner.com

Larry Hepler
Troy A. Bozarth
Hepler Broom MacDonald
True and Noce, LLC
103 W. Vandalia St.
Suite 300
Edwardsville, IL 62025-0510
leh@heplerbroom.com
troy.bozarth@heplerbroom.com

*Counsel for Defendant General Dynamics*

Jerome J. Schlichter
Daniel V. Conlisk
Troy A. Doles
Mark A. Kistler
Mary C. Hodes
Heather Lea
Nelson G. Wolff
100 South Fourth Street
Suite 900
St. Louis, MO 63102
jschlichter@uselaws.com
dconlisk@uselaws.com
tdoles@uselaws.com
mkistler@uselaws.com
mhodes@uselaws.com
nwolff@uselaws.com
hlea@uselaws.com

*Counsel for Plaintiffs*

s/ Deborah S. Davidson