IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIC WILL, et al., on behalf of the General Dynamics Corporation Hourly Savings and Stock Investment Plan, the General Dynamics Corporation Savings and Stock Investment Plan, and on behalf of all others similarly situated,** )<br>)<br>)<br>)<br>)<br>)<br>) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | **CIVIL NO. 06-698-GPM** |
| ) | |
| **GENERAL DYNAMICS CORPORATION, et al.,** )<br>) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**MURPHY**, **District Judge:**

### I. INTRODUCTION

This case, which is a putative class action brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq*., is before the Court on the motion to dismiss brought by Defendant Piper Jaffray Companies ("Piper Jaffray") (Doc. 223). According to the allegations of the operative complaint in this case (Doc. 193), Plaintiff Eric Will is a participant in the General Dynamics Corporation Hourly Savings and Stock Investment Plan; Plaintiffs Richard Cotterman and Daniel Kuczon are participants in the General Dynamics Corporation Savings and Stock Investment Plan. *See* 29 U.S.C. § 1002(7).[1] The Plans are employee

---

1.  Hereinafter, the Court will refer to the General Dynamics Corporation Hourly Savings and Stock Investment Plan and the General Dynamics Corporation Savings and Stock Investment Plan collectively as "the Plans" throughout this Order.

pension benefit plans, specifically, defined contribution plans and eligible individual account plans (commonly known, of course, as "401(k) plans."). *See* 29 U.S.C. § 1002(2)(A), (34); 29 U.S.C. § 1107(d)(3)(A); 26 U.S.C. § 401(k). Defendant General Dynamics Corporation ("General Dynamics") is the sponsor and a fiduciary of the Plans. *See* 29 U.S.C. § 1002(16)(B), (21)(A). Defendants Fiduciary Asset Management, LLC, f/k/a Fiduciary Asset Management Company, and C.D. Walbrandt, Inc., f/k/a Fiduciary Asset Management Company, are affiliated companies that were retained by General Dynamics in 1994 as investment administrators or consultants of the Plans; these companies, which the Court henceforth will refer to collectively as "FAMCo," as Plaintiffs do, are alleged to be fiduciaries of the Plans. Defendant David H. Fogg is a corporate officer of General Dynamics and a fiduciary of the Plans. Defendants Charles D. Walbrandt, Joseph E. Gallagher, Wiley Angell, James Cunnane, Jr., and Mohammed Riad are corporate officers of FAMCo and are alleged to be parties in interest of the Plans. *See* 29 U.S.C. § 1002(14)(A), (14)(B). Defendants Jay L. Johnson, John M. Keane, Robert Walmsley, and Deborah J. Lucas are corporate officers of General Dynamics and members of the General Dynamics Benefit Plans and Investment Committee ("the Committee"), in which capacity they are alleged to be fiduciaries of the Plans.[2] Piper Jaffray holds an ownership interest in FAMCo and is alleged to be a party in interest of the Plans.

The complaint in this case asserts on behalf of the Plans and a proposed class of participants in the Plans claims for breach of fiduciary duty and engaging in prohibited transactions. *See* 29 U.S.C. § 1109(a); 29 U.S.C. § 1106(a). According to the complaint, in 1994 FAMCo was created

---

2. The Committee is named as a Defendant in the operative complaint in this case but was voluntarily dismissed from the case by Plaintiffs on October 19, 2009.

by a group of corporate officers of General Dynamics and was retained by General Dynamics as an investment administrator or consultant of the Plans without adequate investigation by General Dynamics; further, Plaintiffs allege, FAMCo has been allowed by General Dynamics and its officers with fiduciary responsibilities to the Plans to operate as a for-profit company, to the detriment of the Plans and their participants.  Count I of the complaint claims that FAMCo, Walbrandt, Gallagher, Angell, Cunnane, and Riad have engaged in self-dealing as to the assets of the Plans and that General Dynamics, Fogg, Johnson, Keane, Walmsley, and Lucas have allowed and participated in the alleged self-dealing.  Count II of the complaint claims that FAMCo, Walbrandt, Gallagher, Angell, Cunnane, and Riad have engaged in self-dealing as to the assets of the Plans and that General Dynamics, Fogg, Johnson, Keane, Walmsley, Lucas, and Piper Jaffray have allowed and participated in the alleged self-dealing.  Count III claims that General Dynamics, Fogg, Johnson, Keane, Walmsley, and Lucas have engaged in prohibited transactions as to the assets of the Plans.  Count IV claims that General Dynamics caused and allowed the Plans to pay unreasonable fees and expenses for record-keeping.  Finally, Count V claims that General Dynamics, Fogg, Johnson, Keane, Walmsley, Lucas, FAMCo, Walbrandt, Gallagher, Angell, Cunnane, and Riad failed to capture additional income for the Plans and failed prudently to monitor the Plans' securities lending arrangement.  The complaint seeks damages and, in the alternative, equitable relief in the form of imposition of a constructive trust on and restitution of all monies derived by Defendants from the breaches of fiduciary duty alleged in the complaint.  Piper Jaffray has moved to dismiss Plaintiffs' claim against it on the grounds that Plaintiffs have failed adequately to allege that it is a fiduciary of the Plans and that Plaintiffs do not seek equitable relief.  The motion has been fully briefed and is ripe for decision, and the Court now rules as follows.

## II. ANALYSIS

As an initial matter the Court notes the standard under which it must evaluate Piper Jaffray's motion to dismiss. In considering a motion to dismiss for failure to state a claim upon which relief can be granted, the Court accepts all well-pleaded allegations in a plaintiff's complaint as true. *See* Fed. R. Civ. P. 12(b)(6); *Cleveland v. Rotman*, 297 F.3d 569, 571 (7th Cir. 2002); *S.C. Johnson & Son, Inc. v. Buske*, Civil No. 09-286-GPM, 2009 WL 3010833, at *8 (S.D. Ill. Sept. 17, 2009). The purpose of a Rule 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Morrison v. YTB Int'l, Inc.*, 641 F. Supp. 2d 768, 773 (S.D. Ill. 2009); *Brown v. SBC Communications, Inc.*, No. 05-cv-777-JPG, 2007 WL 684133, at *2 (S.D. Ill. Mar. 1, 2007). A complaint should not be dismissed under Rule 12(b)(6) unless it either fails to provide adequate notice – as has been required consistently under Rule 8 of the Federal Rules of Civil Procedure – or does not contain "enough facts to state a claim to relief that is plausible on its face," that is, the claim has not been "nudged . . . across the line from conceivable to plausible[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). *See also Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 395 (7th Cir. 2009); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the . . . grounds . . . of his . . . entitle[ment] to relief . . . requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do[.]" *James v. Illinois Sexually Dangerous Persons Act*, Civil No. 09-40-GPM, 2009 WL 2567910, at *2 (S.D. Ill. Aug. 19, 2009) (quoting *Twombly*, 550 U.S. at 555).

The Court turns then to the first ground for dismissal asserted by Piper Jaffray, that Plaintiffs have failed to allege adequately that Piper Jaffray is a fiduciary of the Plans. Under ERISA, "a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets . . . or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan." 29 U.S.C. § 1002(21)(A). Thus, "ERISA makes the existence of discretion a sine qua non of fiduciary [status]." *Pohl v. National Benefits Consultants, Inc.*, 956 F.2d 126, 129 (7th Cir. 1992). *See also Health Cost Controls of Ill., Inc. v. Washington*, 187 F.3d 703, 709 (7th Cir. 1999) (citing 29 U.S.C. § 1002(21)(A)) ("An ERISA fiduciary is . . . anyone who has substantial control over the assets, management, or administration of an ERISA plan."). In this instance, Plaintiffs have adequately alleged Piper Jaffray's discretionary control over the Plans and the assets of the Plans by virtue of Piper Jaffray's ownership interest in FAMCo. Also, in the absence of allegations in a complaint affirmatively showing that a party is not an ERISA fiduciary, ordinarily the question of fiduciary status is factual and not appropriate for resolution on the pleadings. *See Shanks v. Honda of Am. Mfg.*, Nos. 2:08-cv-1059, 2:08-cv-1060, 2009 WL 2132621, at *2 (S.D. Ohio July 10, 2009) ("[T]he question of who is an ERISA fiduciary usually has a factual component that is not susceptible to resolution by way of a motion to dismiss."); *Hecker v. Deere & Co.*, 496 F. Supp. 2d 967, 975-76 (W.D. Wis. 2007) (dismissing claims for breach of fiduciary duty where the complaint alleged facts showing that the alleged breaches were outside the scope of ERISA's provisions governing fiduciary duties); *Spano v. Boeing Co.*, No. 06-cv-743-DRH, 2007 WL 1149192, at *3 (S.D. Ill. Apr. 18, 2007) (quoting *Rankin v. Rots*, 278 F. Supp. 2d 853, 879 (E.D. Mich. 2003)) ("[D]etermining whether

defendants who 'are in the universe of possible decision makers' with respect to a plan are therefore plan fiduciaries 'is . . . something of a black box' at the pleading stage . . . . Thus, '[t]o expect a plaintiff to be able to turn on the light and point to the particular individuals who exercised decision making authority is simply too much to require' at that stage."); *In re CMS Energy ERISA Litig.*, 312 F. Supp. 2d 898, 907-09 (E.D. Mich. 2004) (holding that fiduciary status could not be determined on a motion to dismiss); *In re Electronic Data Sys. Corp. "ERISA" Litig.*, 305 F. Supp. 2d 658, 665 (E.D. Tex. 2004) ("It is typically premature to determine a defendant's fiduciary status at the motion to dismiss stage of the proceedings . . . . [U]nder Federal Rule of Civil Procedure 8(a)'s notice pleading requirements, courts will typically have insufficient facts at the motion to dismiss stage from which to make the law/fact analysis necessary to determine . . . fiduciary status."); *Stewart v. Allied Benefit Sys., Inc.*, No. 92 C 4158, 1993 WL 54594, at *1 (N.D. Ill. Feb. 23, 1993) ("[W]e cannot determine from the pleadings whether or not [the defendant] is a fiduciary."); *Donovan v. Robbins*, 99 F.R.D. 593, 597 (N.D. Ill. 1983) (noting that the issue of whether a party is a fiduciary within the meaning of ERISA is "a factual one, singularly ill-suited . . . to resolution on a challenge to the legal sufficiency of the complaint."). *Cf. Boeckman v. A.G. Edwards, Inc.*, Civil No. 05-658-GPM, 2007 WL 4225740, at *4 (S.D. Ill. Aug. 31, 2007) (the question of whether an ERISA fiduciary breached its duty by failing to act prudently on behalf of the beneficiaries of a plan ordinarily is one of fact). In this instance Plaintiffs have not pleaded themselves out of court by alleging facts affirmatively showing on the face of their operative complaint in this case that Piper Jaffray is not an ERISA fiduciary. Therefore, resolution of the issue of Piper Jaffray's fiduciary status *vel non* must be reserved for a later stage of these proceedings.

Perhaps more importantly, it is unnecessary for Piper Jaffray to be an ERISA fiduciary where the operative complaint in this case clearly alleges Piper Jaffray's knowing participation in breaches of fiduciary duty with other parties that indisputably are ERISA fiduciaries. In *Harris Trust & Savings Bank v. Salomon Smith Barney Inc.*, 530 U.S. 238 (2000), the Court considered whether or not ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), provides a claim for relief against a non-fiduciary party in interest to a transaction barred by ERISA § 406, 29 U.S.C. § 1106. *See* 29 U.S.C. § 1106(a). The Court recognized that ERISA § 406(a), 29 U.S.C. § 1106(a), imposes a duty only on a fiduciary. *See Harris*, 530 U.S. at 245 (quoting 29 U.S.C. § 1106(a)(1)). However, the Court rejected the view that "absent a substantive provision of ERISA expressly imposing a duty upon a nonfiduciary party in interest, the nonfiduciary party may not be held liable under § 502(a)(3), one of ERISA's remedial provisions." *Id*. The Court stated that "§ 502(a)(3) itself imposes certain duties, and therefore . . . liability . . . does not depend on whether ERISA's substantive provisions impose a specific duty on the party being sued." *Id*. In arriving at this conclusion, the Court noted that "§ 502(a)(3) admits of no limit . . . on the universe of possible defendants." *Id*. at 246. To define the scope of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), the Court looked to another remedial provision of ERISA § 502, 29 U.S.C. § 1132, which states, in relevant part:

> (1) In the case of –
> (A) any breach of fiduciary responsibility under (or other violation of) part 4 of this subtitle by a fiduciary, or
> (B) any knowing participation in such a breach or violation by any other person,
> the Secretary [of Labor] shall assess a civil penalty against such fiduciary or other person in an amount equal to 20 percent of the applicable recovery amount.
> (2) For purposes of paragraph (1), the term "applicable recovery amount" means any amount which is recovered from a fiduciary or other person with respect to a breach or violation described in paragraph (1) –

>   (A) pursuant to any settlement agreement with the Secretary, or
>   (B) ordered by a court to be paid by such fiduciary or other person to a plan or its participants and beneficiaries in a judicial proceeding instituted by the Secretary under subsection (a)(2) or (a)(5) of this section.

29 U.S.C. § 1132(l).  The Court stated that "[t]he plain implication is that the Secretary may bring a civil action under § 502(a)(5) against an 'other person' who 'knowing[ly] participat[es]' in a fiduciary's violation[.]" *Harris*, 530 U.S. at 248.  The Court noted that "[t]his § 502(a)(5) action is available notwithstanding the absence of any ERISA provision explicitly imposing a duty upon an 'other person' not to engage in such 'knowing participation.'" *Id*.  The Court reasoned that "if the Secretary may bring suit against an 'other person' under subsection (a)(5), it follows that a participant, beneficiary, or fiduciary may bring suit against an 'other person' under the similarly worded subsection (a)(3)." *Id*. at 248-49 (citing *Mertens v. Hewitt Assocs*., 508 U.S. 248, 260 (1993)).  The Court found that ERISA § 502(l), 29 U.S.C. § 1132(l), "compels the conclusion that defendant status under § 502(a)(3) may arise from duties imposed by § 502(a)(3) itself, and hence does not turn on whether the defendant is expressly subject to a duty under one of ERISA's substantive provisions." *Id*. at 247.  The *Harris* Court's meaning is clear:  liability under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), does not hinge "on whether the particular defendant labors under a duty expressly imposed by the substantive provisions of ERISA Title I." *Id*. at 249.  Rather liability hinges upon whether a non-fiduciary knowingly participated in a fiduciary's breach of a substantive provision of ERISA.  Thus even if Piper Jaffray is not a fiduciary of the Plans, Plaintiffs properly have alleged Piper Jaffray's knowing participation in breaches of fiduciary duties owed to the Plans and therefore Plaintiffs can seek relief against Piper Jaffray under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).

The Court turns to Piper Jaffray's alternative ground for dismissal of Plaintiffs' claims against it, that Plaintiffs do not seek equitable relief. Under ERISA § 502, 29 U.S.C. § 1132, a civil action may be brought "by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]" 29 U.S.C. § 1132(a)(3). Appropriate equitable relief for purposes of the statute means "those categories of relief that were *typically* available in equity . . . such as injunction, mandamus, and restitution, but not compensatory damages[.]" *Health Cost Controls v. Skinner*, 44 F.3d 535, 538 n.7 (7th Cir. 1995) (quoting *Mertens*, 508 U.S. at 256) (emphasis in original). Whether certain relief is available under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), does not depend simply on attaching an equitable label to a claim, such as restitution or disgorgement, because "not all relief falling under the rubric of [these remedies] is available in equity." *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212 (2002). Instead, the determination of whether the relief sought lies in equity or in law "depends on 'the basis for [the plaintiff's] claim' and the nature of the underlying remedies sought." *Id*. at 213 (quoting *Reich v. Continental Cas. Co.*, 33 F.3d 754, 756 (7th Cir. 1994)). A legal claim exists when the plaintiff "could *not* assert title or right to possession of particular property, but . . . nevertheless he might be able to show just grounds for recovering money to pay for some benefit the defendant had received from him[.]" *Id*. (quoting 1 D. Dobbs, Law of Remedies § 4.2(1), at 571 (2d ed. 1993)) (emphasis in original). By contrast, an equitable claim to relief, usually in the form of a constructive trust or an equitable lien, exists "where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's

possession." *Id*. Thus, for a claim to lie in equity, "the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession." *Id*. at 214 (holding that relief was not available under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), where the proceeds from a settlement in a tort action were not in the defendants' possession and instead had been transferred to a third party). *See also Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 570-71 (1990) (a claim was not equitable where the backpay sought by the plaintiffs was not money wrongfully held by a union but wages and benefits they would have received from their employer had the union processed the plaintiffs' grievances properly).

The equitable relief sought by Plaintiffs in their operative complaint includes injunctive relief, imposition of a constructive trust as to the profits derived by Defendants from the breaches of fiduciary duty alleged in the complaint, equitable restitution, and disgorgement. As noted, critical to the determination about whether the relief sought in this case against Piper Jaffray is legal or equitable is whether the requested relief is directed to funds or property in Piper Jaffray's possession. If it is not, then Plaintiffs are seeking to hold Piper Jaffray personally liable for the profits from the fiduciary breaches, relief that is legal and thus not appropriate equitable relief within the meaning of ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3). Here, however, the reasonable inference to be drawn from the allegations of Plaintiffs' complaint is that the funds sought are in Piper Jaffray's possession, and therefore the relief sought is equitable within the meaning of ERISA. *See Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356, 362-63 (2006) (finding restitution to be equitable under ERISA where the plaintiffs sought identifiable funds in the defendants' possession); *Mertens*, 508 U.S. at 256 (citing *Smith's Lessee v. McCann*, 65 U.S.

(24 How.) 398, 407 (1860)) (noting that "at common law, the courts of equity had exclusive jurisdiction over virtually all actions by beneficiaries for breach of trust."); *Tull v. United States*, 481 U.S. 412, 424 (1987) (describing disgorgement of improper profits as being "traditionally considered an equitable remedy"); *Williams Elecs. Games, Inc. v. Garrity*, 366 F.3d 569, 577 (7th Cir. 2004) (citing *Great-West*, 534 U.S. at 213) (when "the wrong consists of a breach of fiduciary obligation – the kind of breach traditionally actionable in suits in equity . . . the usual form that restitution takes is to impress a constructive trust on the profits of the wrongdoing[.]"); *Berger v. Xerox Corp. Ret. Income Guar. Plan*, 338 F.3d 755, 763-64 (7th Cir. 2003) (noting, in the context of an ERISA class action, that a request for an injunction to compel a defendant to pay over benefits wrongfully withheld from plan beneficiaries seeks appropriate equitable relief under ERISA); *Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Wells*, 213 F.3d 398, 401 (7th Cir. 2000) (a suit to impose a constructive trust is "a classic form of equitable relief against someone (not necessarily a fiduciary)" and "nestles comfortably" within the definition of equitable relief under ERISA); *Donaldson v. Pharmacia Pension Plan*, 435 F. Supp. 2d 853, 863-69 (S.D. Ill. 2006) (citing *Administrative Comm. of Wal-Mart Stores, Inc. Assocs.' Health & Welfare Plan v. Varco*, 338 F.3d 680, 687-88 (7th Cir. 2003) (a request for imposition of a constructive trust on funds in a defendant's possession is appropriate equitable relief under ERISA); *SEC v. Buntrock*, No. 02 C 2180, 2004 WL 1179423, at *3 (N.D. Ill. May 25, 2004) (citing *Harris*, 530 U.S. at 250-51) ("[T]he Supreme Court has held, in the ERISA context, that disgorgement is a viable equitable remedy to recover improperly received profits"). The Court concludes that Plaintiffs are entitled to pursue a claim against Piper Jaffray under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3), and Piper Jaffray's motion to dismiss will be denied.

### III. CONCLUSION

For the foregoing reasons, Piper Jaffray's motion to dismiss for failure to state a claim upon which relief can be granted (Doc. 223) is **DENIED**.

**IT IS SO ORDERED.**

DATED: November 14, 2009

/s/ G. Patrick Murphy  
G. PATRICK MURPHY  
United States District Judge
