IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ERIC WILL, et al., on behalf of the General Dynamics Corporation Hourly Savings and Stock Investment Plan, the General Dynamics Corporation Savings and Stock Investment Plan, and on behalf of all others similarly situated,**<br><br>　　　　　　**Plaintiffs,**<br><br>vs.<br><br>**GENERAL DYNAMICS CORPORATION, et al.,**<br><br>　　　　　　**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   **CIVIL NO. 06-698-GPM**<br>)<br>)<br>)<br>)<br>)<br>) |

# **MEMORANDUM AND ORDER**

**MURPHY**, **District Judge:**

　　This matter is before the Court in connection with Class Counsel's Application for Attorneys' Fees and Reimbursement of Expenses and for Case Contribution Awards for Named Plaintiffs (Doc. 253). In their Application, Class Counsel, the law firm of Schlichter, Bogard & Denton, requests a reasonable fee for their role in obtaining a settlement of class claims under the Employee Retirement Income Security Act ("ERISA"). The settlement provides a $15.15 million monetary recovery for participants in the General Dynamics 401(k) Plans, as well as significant affirmative relief for the approximately 158,000-member ERISA class. Specifically, Class Counsel has asked this Court to award a fee of 33 1/3% of the monetary settlement obtained or $5,050,000.[1] Class

---

1.　Class Counsel has not claimed fees for any portion of the accrued interest on the funds held in the Settlement Fund. Accordingly, Class Counsel request is less than 33 1/3 % of the monetary recovery.

Counsel has also asked this Court to award it $692,979.50 for outstanding costs. Class Counsel has further requested the Court approve case contribution awards of $25,000 to each of the three named plaintiffs.

In a Court-approved notice regarding the terms of the ERISA settlement, class members were advised of Class Counsel's request and were given an opportunity to object. Out of more than 158,000 class notices mailed to the class members, as well as a notice published in the newspaper *USA Today* and on the class settlement website, only four objections were received regarding Class Counsel's request for fees and costs. The Court finds this remarkably small number of objections to be an indication of the class' overwhelming and justified support for their Class Counsel and Class Counsel's Application. On November 22, 2010, this Court conducted a hearing regarding the Motion for Final Approval of Class Action Settlement as well as Plaintiffs' Application for Attorneys' Fees and Reimbursement of Expenses and for Case Contribution Awards for Named Plaintiffs. Based upon the Court's observation of counsel's conduct during this litigation, the Court's knowledge of the difficult legal issues facing the Plaintiffs, and a review of Class Counsel's Application, the Application is due to be granted. This Order explains the Court's findings and conclusion that Class Counsel's fee and cost request is reasonable and merited.

When a settlement yields a common fund for class members, fees must be paid from the recovery. *See Boeing Co. v. Van Gemert*, 444 U.S. 472, 481 (1980). Attorneys' fees based on the common fund doctrine are appropriate in ERISA cases. *See Florin v. Nationsbank*, 34 F.3d 560, 563 (7th Cir. 1994). Under the "common-fund" doctrine, Class Counsel who obtains a settlement or judgment creating a commonly held fund for the benefit of the class is entitled to a reasonable fee

drawn from that fund. *See, e.g., Boeing,* 444 U.S. at 478. Where, as here, the settlement includes substantial affirmative relief, such relief must be considered in evaluating the overall benefit to the class. *See* Manual for Complex Litigation (Fourth) § 21.71, at 337 (2004); Principles of the Law of Aggregate Litigation, §3.13; *cf. Blanchard v. Bergeron*, 489 U.S. 87, 95 (1989) (cautioning against an "undesirable emphasis" on monetary "damages" that might "shortchange efforts to seek effective injunctive or declaratory relief."). Thus, this Court recognizes that it is important to take into account affirmative relief in addition to monetary relief so as to encourage attorneys to obtain effective affirmative relief. While the true value of the affirmative relief is difficult to pinpoint, it will without a doubt materially add to the monetary recovery to the Plans.

In determining whether to grant a fee application in a class action settlement, the United States Court of Appeals for the Seventh Circuit requires the Court to determine whether the fee requested is within the range of fees that would have been agreed to at the outset of the litigation in an arm's length negotiation in light of the risk of nonpayment and the normal rate of compensation in the market at the time. *See In re Synthroid Mktg. Litig.*, 264 F.3d 712, 718 (7th Cir. 2001). Thus, in common fund cases, "the measure of what is reasonable [as an attorney fee] is what an attorney would receive from a paying client in a similar case." *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 408 (7th Cir. 2000). "It is not the function of judges in fee litigation to determine the equivalent of the medieval just price. It is to determine what the lawyer would receive if he were selling his services in the market rather than being paid by court order." *In re Continental l Ill. Sec. Litig.*, 962 F.2d 566, 568 (7th Cir. 1992). This requires the district judge to "ascertain the appropriate rate for cases of similar difficulty and risk, and of similarly limited potential recovery." *Kirchoff v. Flynn*, 786 F.2d 320, 326 (7th Cir. 1986).

The Seventh Circuit Court of Appeals uses a percentage basis rather than a lodestar or other basis when determining a reasonable fee. *Gaskill v. Gordon,* 160 F.3d 361, 363 (7th Cir. 1998); *Florin*, 34 F.3d 560 at 566. Where the market for legal services in a class action is only for contingency fee agreements, and there is a substantial risk of nonpayment for the attorneys, "the normal rate of compensation in the market" is "33.33% of the common fund recovered." *In re Ready-Mixed Concrete*, No. 1:05-CV-00979 (S.D. Ind.), Doc. 732 at 14.

Since filing this action, Class Counsel has devoted very substantial costs and attorney time to pursuing this case and several other 401(k) fee cases which were the first of their kind. The record reflects that these cases, collectively, have brought sweeping changes to fiduciary practices within 401(k) plans and have changed the 401(k) industry for the benefit of employees and retirees throughout the country. In the case of this Class, the tireless efforts of Schlichter, Bogard & Denton have brought about a significant monetary recovery and monumental reforms to the Plans. This affirmative relief will benefit current and future Plan Participants for years to come.

Jerome Schlichter, and Schlichter, Bogard & Denton's work throughout this litigation illustrates an exceptional example of a private attorney general risking large sums of money and investing many thousands of hours for the benefit of employees and retirees. No case had previously been brought by either the Department of Labor or private attorneys against large employers for excessive fees in a 401(k) plan. Class Counsel performed substantial work for more than a year, investigating the facts, examining documents, and consulting and paying experts to determine whether it was viable. This case has been pending since September 11, 2006. Litigating the case required Class Counsel to be of the highest caliber and committed to the interests of the participants and beneficiaries of the General Dynamics 401(k) Plans.

The Court finds that the market for complex plaintiffs' attorney work in this case and similar cases is a contingency fee. The Court further agrees that a one-third fee is consistent with the market rate. This Court notes that Class Counsel's fee has also been found, after review, to be reasonable by an independent fiduciary. Based on the impressive monetary recovery and affirmative relief, including restrictions on asset-based fees for recordkeeping, prohibitions on the use of retail mutual funds, avoiding the provision of benefits to the fiduciaries from plan service providers, greater disclosure, and independent fiduciary oversight, Class Counsel's fee application is undoubtedly reasonable. The Court finds that the firm of Schlichter, Bogard & Denton have provided an enormous benefit to the class of General Dynamics employees and retirees, while undertaking great financial risk in the event of an adverse decision on the merits. Counsel's actions have led to dramatic changes in the 401(k) industry, including heightened disclosure and protection of employees' and retirees' retirement assets.

The Court further finds that the expenses for which Counsel requests reimbursement were reasonable and necessary and demonstrate the commitment by Class Counsel on behalf of the Class. The Court also notes that even after reaching an agreement on monetary relief following two mediation sessions – the second of which lasted for two full days – Class Counsel continued to devote the time and energy necessary to obtain substantial affirmative relief, which necessitated a third, separate, all-day mediation.

The use of a lodestar cross-check in a common fund case is unnecessary, arbitrary, and potentially counterproductive. *See In re Synthroid Mktg. Litig.,* 325 F.3d 974, 979-980 (7th Cir. 2003) ("The client cares about the outcome alone" and class counsel's efficiency should not be used "to reduce class counsel's percentage of the fund that their work produced."); *In re*

*Comdisco Sec. Litig.,* 150 F. Supp. 2d 943, 948 n.10 (N.D. Ill. 2001) ("To view the matter through the lens of free market principles, [lodestar anaylsis] (with or without a multiplier) is truly unjustified as a matter of logical analysis."); *Exploding the Class Action Agency Costs Myth: The Social Utility of Entrepreneurial Lawyers*, 155 U.PA.L.REV. 103 (Nov. 2006).  Nevertheless, the Court finds that Class Counsel spent in excess of 10,000 attorney hours and over 1,850 hours of legal assistant time litigating this case.  The Court may rely on summaries submitted by attorneys and need not review actual billing records.  *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306-307 (3d Cir. 2005).  This is national litigation which few lawyers or law firms are capable of handling.  Applying a reasonable blended rate for attorney time of $514.60 per hour, including $800 per hour for hours spent by senior partners, rates found reasonable for Class Counsel in other recent cases, including *Martin v. Caterpillar Inc.*, 2010 WL 3210448 (W.D. Ill. Aug. 12, 2010) (granting final approval of settlement); 07-1009 (Doc. 197) (awarding Attorneys' fees and costs), the lodestar multiplier here would be less than 1.  Accordingly, while the Court does not believe a lodestar cross-check is necessary, Class Counsel's fee request easily withstands such analysis.

Finally, Plaintiffs request $25,000 case contribution awards to each of the three named Plaintiffs.  "Incentive awards are justified when necessary to induce individuals to become named representatives." *In re Synthroid,* 264 F.3d at 722-23.  The record suggests that the named Plaintiffs have been active, hands-on participants in the litigation, expending significant amounts of their own time to benefit the class.  Class Counsel reported that they assisted with discovery, submitted to lengthy depositions, and were involved in the settlement process.  The total award for all three named Plaintiffs combined represents just 0.5% of the total Settlement Fund.  Awards of $25,000 for each Plaintiff are well within the ranges that are typically awarded in comparable cases.  *See, e.g.,*

*Cook v. Niedert*, 142 F.3d 1004, 1015 (7th Cir. 1998) (upholding award of $25,000 to class representative); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 377 (S.D. Ohio, 1990) (awarding $215,000 or 1.19% of the settlement fund to the named plaintiffs).

After consideration of Class Counsel's Application, the Court concludes that the requested attorney' fees and cost reimbursements are fair, reasonable and merited by Counsel's substantial efforts to obtain relief for the class.  But for Class Counsel's determined prosecution of this action, the General Dynamics 401(k) Plans and their participants would not have obtained any recovery because it is extremely unlikely that they would have found other qualified counsel to take on the burden and risk of pursuing these claims.  Schlichter, Bogard & Denton have been virtually alone in their willingness to fully pursue ERISA fiduciary breach claims against large employers for excessive fees, imprudent investment options, and the types of breaches at issue in this case.  Accordingly, it is **ORDERED** that the requested attorneys' fee of $5.05 million is **APPROVED**.  It is **further ORDERED** that the requested reimbursement of $692,979.50 in outstanding costs is **APPROVED**.  The Settlement Administrator shall pay the combined sum of $5,742,979.50 to the firm of Schlichter, Bogard & Denton out of the settlement fund, and shall pay each of the three named Plaintiffs the sum of $25,000.

   **IT IS SO ORDERED.**

   DATED:  November 22, 2010

                                        /s/ G. Patrick Murphy
                                        G. PATRICK MURPHY
                                        United States District Judge