IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ERIC WILL, et al., on behalf of the General Dynamics Corporation Hourly Savings and Stock Investment Plan, the General Dynamics Corporation Savings and Stock Investment Plan, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>GENERAL DYNAMICS CORPORATION, et al.,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  CIVIL NO. 06-698-GPM<br>)<br>)<br>)<br>)<br>)<br>) |

# MEMORANDUM AND ORDER

**MURPHY**, District Judge:

This matter is before the Court on the Joint Motion for Final Approval of Class Settlement brought by the parties to this case (Doc. 258).

1. The Court has considered the Settling Parties' Joint Motion for Final Approval of Class Settlement pursuant to the terms of a Class Action Settlement Agreement dated August 4, 2010, as amended (the "Settlement Agreement") (Doc. 238-1);

2. The Court has entered a Memorandum and Order on August 9, 2010, preliminarily approving the settlement (the "Preliminary Approval Order"), certifying the Settlement Class as a mandatory non-opt-out class pursuant to Rule 23(b)(1) of the Federal Rules of Civil Procedure, approving the form of Settlement Notice and directing the manner of delivery and publication thereof, and scheduling a hearing to consider the fairness of the settlement, pursuant to Rule 23(e)

of the Federal Rules of Civil Procedure;

3. The Court has received declarations attesting to the delivery and publication of the Settlement Notice in accordance with the Preliminary Approval Order.

4. A Fairness Hearing was held before this Court on November 22, 2010:

(a) to determine finally whether this action satisfies the applicable prerequisites for class action treatment under Rule 23(b)(1) of the Federal Rules of Civil Procedure;

(b) to consider the fairness of the settlement, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and to determine whether to enter this Final Order approving the settlement;

(c) to determine whether the proposed Plan of Allocation of the settlement amount is fair and reasonable and should be approved; and

(d) to rule upon each Objection to the settlement and such other matters as the Court might deem appropriate;

5. The Court has jurisdiction over the subject matter of the Action, the Settlement Class, and Defendants pursuant to 29 U.S.C. 1132(e) and 28 U.S.C. § 1331.

6. In accordance with the Court's Preliminary Approval Order, Settlement Notice was timely given to all members of the Settlement Class who could be identified with reasonable effort by September 8, 2010, was published on September 7, 2010 in *USA Today*, and was published on the Website maintained by Class Counsel from September 9, 2010, through the date of this Final Order, and pursuant to the Class Action Fairness Act was provided to the Attorneys General for each of the states in which a Settlement Class Member resides and the Attorney General of the United States. The form and methods of notifying the Settlement Class of the terms and conditions of the proposed Settlement Agreement met the requirements of Rule 23 of the Federal Rules of Civil

Procedure, any other applicable law, and due process, and constituted the best notice practicable under the circumstances, and due and sufficient notice to all persons and entities entitled thereto. Specifically, the Court finds that mailing notice to class members identified through electronic records, which began in June 1997, and supplementing that by identifying additional class members through a one-time review of microfiche records from the first month of the class period, October 1994, and the national publication notice, meets the requirements of Rule 23(e)(1) of the Federal Rules of Civil Procedure and constitutes reasonable notice to all class members who would be bound by the Settlement.

7. The Joint Motion for Final Approval of Class Settlement (Doc. 258) is hereby **GRANTED**, and the Settlement is **APPROVED** as fair, reasonable, and adequate. Each and every Objection to the Settlement – the October 1, 2010, objection of Eldon P. Kasl (Doc. 246), the September 10, 2010, objection of James M. Yates (Doc. 247), the October 3, 2010, objection of Billie J. Hame (Doc. 248), the October 4, 2010, objection of Michael A. Puntillo (Doc. 249), the October 15, 2010, objection of Dr. Charles E. Bassett (Doc. 250) and the October 19, 2010, objection of Deborah Spring (Doc. 251) – are **OVERRULED** and **DISMISSED with prejudice**.

8. The Second Amended Complaint, asserted on behalf of the Settlement Class against the Defendants, is hereby **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

DATED: November 22, 2010

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge